# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

-vs-                                             Case No.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                    Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                    Relief Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S MOTION TO EXPAND RECEIVERSHIP TO INCLUDE KIRKLAND'S UNIT AT SUNSET BAY AND TWO REFUND CHECKS FROM OHIO SAVINGS BANK TO KIRKLAND (Doc. No. 113)** |
| **FILED:** | **May 31, 2006** |

**I.      INTRODUCTION.**

On February 16, 2006, this Court entered an Order Appointing Receiver that appointed Judith M. Mercier, Esq., as the receiver for Defendants Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay, Inc., and Isleworth Adult Community, Inc. The Order permits the Receiver to apply to the Court for an order expanding the receivership where appropriate. Doc. No. 10.

On May 31, 2006, the Receiver filed the present motion to expand the receivership to include the following: real property located at 7346 Kauai LP 1, Unit # 202, New Port Richey, FL 34653-6148 (referred to as the "Unit at Sunset Bay"); and two refund checks issued by Ohio Savings Bank to Defendant Patrick Kirkland, check number 370015859 in the amount of $449.47, and check number 301598825 in the amount of $3,508.26. Doc. No. 113. Kirkland has responded to the motion. Doc. No. 124.

On July 18, 2006, Defendant Patrick Kirkland filed a Notice of Appeal. Doc. No. 137. In the notice, Kirkland appeals the Court's Omnibus Order of June 29, 2006, which denied his motion to modify the preliminary injunction and asset freeze entered on February 24, 2006. He also appeals as inextricably intertwined the Court's Temporary Restraining Order, Order Appointing Receiver, and Order Expanding Receivership and Authorizing Sale.

The matter was referred to me. On July 28, 2006, I heard oral argument on the motion.

**II. STANDARD OF REVIEW.**

Generally, "[t]he district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). However, the Court must consider the effect of the pendency of Kirkland's interlocutory appeal.

The relevant statute, 28 U.S.C. § 1292(a), provides that the courts of appeals "shall have jurisdiction of appeals from: . . . [i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . [and] [i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property . . . ."

"'When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.'" *Green Leaf Nursery v. E.I. Du Pont de Nemours*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). Of course, the district court retains jurisdiction "'to proceed forward with portions of the of the case not related to the claims on appeal . . . .'" *Id.* (quoting *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000)).

Federal Rule of Civil Procedure 62(c) provides an exception to this general rule. *Pacific Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 n.7 (11th Cir. 1994). Rule 62(c) provides as follows:

> When an appeal is taken from an interlocutory . . . judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or

grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

"Courts have interpreted Rule 62(c) to allow a district court to modify an injunction that has been appealed only to the extent necessary to maintain the status quo, and the modification cannot be such that it moots the appeal and divests the appellate court of jurisdiction" or otherwise alters the scope of appellate review. *Sammons v. Polk County Sch. Bd.*, No. 8:04-cv-2657-T24EAJ, 2006 WL 82606, at *2 (M.D. Fla. Jan. 12, 2006); *see also The Coastal Corp. v. Tex. Eastern Corp.*, 869 F.2d 817, 819-20 (5th Cir. 1989) (collecting cases).

**III. ANALYSIS.**

*A. The Unit at Sunset Bay.*

The Receiver contends that Defendant Clarity Development Corporation and Relief Defendant Pelican Bay Club, both receivership entities, transferred substantial amounts of investor funds into the real property located at the Sunset Bay Club, which is titled in Kirkland's name. The Receiver has submitted evidence that Kirkland made withdrawals from these corporations to pay the purchase price of the property. Doc. No. 113-5, 113-6. Kirkland argues in response that an order expanding the receivership to include this property is unnecessary given the asset freeze imposed by the preliminary injunction, doc. no. 30. He does not argue that the property was purchased with funds other than from the receivership entities.

Because the evidence tends to show that the property was purchased with funds from receivership entities, I respectfully recommend that the receivership be expanded to include the Unit at Sunset Bay.

### B.     *The Two Checks.*

The Receiver contends that the two refund checks to Kirkland are traceable to funds from receivership entities.  She has submitted evidence that Kirkland obtained a mortgage from Ohio Savings Bank to finance the purchase of real property located in New Port Richey, Florida.  The property was titled in the name of Relief Defendant Sunset Bay Club, Inc. Doc. No. 113-8.  The Receiver submitted evidence that the mortgage payments were made by Defendants Clarity Development Corporation and Senior Adult Living.  Doc. No. 113-9.

The Receiver has submitted evidence that Kirkland, as president of Sunset Bay Club, then sold the property.  Doc. No. 113-10.  Ohio Savings Bank then issued check number 370015859, in the amount of $449.47, to Kirkland as an escrow refund.  Doc. No. 113-7.  Similarly, Ohio Savings Bank issued check number 301598825, in the amount of $3,508.26, to Kirkland as a refund on the mortgage.  *Id*.  Kirkland has not rebutted this evidence.

Because the evidence tends to show that the real property was titled in a receivership entity, and that other receivership entities made the mortgage payments on the real property, the refunds issued on that mortgage are owed to the receivership entities.  Therefore, I recommend that the receivership be expanded to include the two refund checks.

### C.     *Effect of Kirkland's Interlocutory Appeal.*

The Receiver contends that Kirkland did not timely file a notice of appeal.  However, this is not a matter to be resolved by this court.

Expanding the receivership to include the Unit at Sunset Bay and the two refund checks would have the effect of modifying the preliminary injunction on appeal, because these assets are currently included in the asset freeze imposed by the preliminary injunction but are not part of the receivership estate.  Federal Rule of Civil Procedure 62(c) provides this Court with authority to modify the preliminary injunction during the pendency of the appeal, and accordingly expand the receivership, so long as the Court does not alter the status quo.

The Receiver has shown that the Unit at Sunset Bay and the two refund checks should be included in the receivership estate.  The status quo will not be upset by transferring this property to the receivership estate because it is already subject to an asset freeze order, provided that the Receiver does not attempt to liquidate the Unit at Sunset Bay or disburse the proceeds of the checks while the appeal is pending. Including the property in the receivership estate will protect the assets by permitting the checks to be negotiated before they expire based on the passage of time and the proceeds held in an interest bearing account and by permitting the Receiver to service and maintain the real property.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the motion be **GRANTED** and that the receivership be expanded to include the real property located at  7346 Kauai LP 1, Unit # 202, New Port Richey, FL 34653-6148, and the two refund checks issued by Ohio Savings Bank.  I further recommend that the Receiver be permitted to negotiate the refund checks and hold the proceeds in an interest bearing account pending the outcome of the interlocutory appeal.  I further

recommend that the Receiver be required not to liquidate the real property pending the outcome of the interlocutory appeal.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 8, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy