**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

                **Plaintiff,**

-vs-                                      Case No. 6:06-cv-183-Orl-28KRS

**PATRICK KIRKLAND, TROPICAL VILLAGE, INC., CLARITY DEVELOPMENT CORPORATION, and SENIOR ADULT LIVING CORPORATION,**

                **Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL VENTURES, INC., PELICAN BAY CLUB, INC., and ISLEWORTH ADULT COMMUNITY, INC.,**

                **Relief Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RECEIVER'S AMENDED MOTION FOR APPROVAL TO REDUCE THE LISTING PRICE OF THE ISLEWORTH HOME (Doc. No. 173)
>
> **FILED:** October 12, 2006

**I.     INTRODUCTION.**

On February 16, 2006, this Court entered an Order Appointing Receiver that appointed Judith M. Mercier, Esq., as the receiver for Defendants Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay, Inc., and Isleworth Adult Community, Inc. The Order permits the Receiver to apply to the Court for an order expanding the receivership where appropriate. Doc. No. 10.

On April 13, 2006, the Court entered an order expanding the receivership to include Defendant Patrick Kirkland's home, located at 6131 Louise Cove Drive, Windermere, FL 34786. Doc. No. 78. The order provides that, while the home was included in the receivership, the Receiver was required to obtain authorization to actually sell Kirkland's home. Doc. No. 78; *see also* Doc. No. 153.

On July 18, 2006, Kirkland filed a Notice of Appeal. Doc. No. 137. In the notice, Kirkland appeals the Court's Omnibus Order of June 29, 2006, doc. no. 134. He also appeals as inextricably intertwined the order expanding the receivership to include his home, doc. no. 78. The appeal is still pending.

The Receiver now requests permission to reduce the listing price of Kirkland's home from $6,300,000.00 to $5,950,000.00, which is the amount recommended by the realtor. Doc. No. 173 & ex. A. Kirkland filed a response to the motion in which he argues that because Florida constitutional law protects a person's homestead from forced sale, this Court cannot authorize the sale of his homestead *at all*; therefore, he argues that it would be inappropriate to permit the

Receiver to reduce the listing price. Doc. No. 177. He does not present any argument that the requested reduction is unreasonable.

## II.  APPLICABLE LAW.

Generally, "[t]he district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). However, the Court must consider the effect of the pendency of Kirkland's interlocutory appeal.

The general rule when a party files an interlocutory appeal is that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "'When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.'" *Green Leaf Nursery v. E.I. Du Pont de Nemours*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). Of course, the district court retains jurisdiction "'to proceed forward with portions of the of the case not related to the claims on appeal . . . .'" *Id*. (quoting *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000)).

Federal Rule of Civil Procedure 62(c) provides an exception to this general rule. *Pacific Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 n.7 (11th Cir. 1994). Rule 62(c) provides as follows:

> When an appeal is taken from an interlocutory . . . judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or

grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

*Id.* "Courts have interpreted Rule 62(c) to allow a district court to modify an injunction that has been appealed only to the extent necessary to maintain the status quo, and the modification cannot be such that it moots the appeal and divests the appellate court of jurisdiction" or otherwise alters the scope of appellate review. *Sammons v. Polk County Sch. Bd.*, No. 8:04-cv-2657-T24EAJ, 2006 WL 82606, *2 (M.D. Fla. Jan. 12, 2006); *see also The Coastal Corp. v. Tex. Eastern Corp.*, 869 F.2d 817, 819-20 (5th Cir. 1989)  (collecting cases).

### III. APPLICATION.

Because the home was included in the receivership pursuant to an order that is currently on appeal, the Court may not modify the scope of the order in such a way that would disturb the status quo.  The request presented here does not modify the scope of the order, in that it does not request leave to sell Kirkland's home, but merely to lower the listing price.  Therefore, the Court may grant the motion without disturbing the status quo.

### IV. CONCLUSION.

Based on the evidence submitted by the Receiver, the requested reduction appears reasonable.  Kirkland has not presented any evidence or argument to the contrary.  Therefore, the motion is **GRANTED**, and the Receiver is permitted to lower the listing price on Kirkland's home to $5,950,000.00.

**DONE** and **ORDERED** in Orlando, Florida on November 16, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party