# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

-vs-                                 Case No.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                      Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                      Relief Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S MOTION TO AUTHORIZE SALE BY AUCTION OF SPECIFIC REAL PROPERTY (Doc. No. 175)** |
| **FILED:** | **October 18, 2006** |

**I.       INTRODUCTION.**

On February 16, 2006, this Court entered an Order Appointing Receiver that appointed

Judith M. Mercier, Esq., as the receiver for Defendants Tropical Village, Inc., Clarity

Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset

Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay, Inc., and Isleworth Adult Community, Inc.

Doc. No. 10.

On July 18, 2006, Defendant Patrick Kirkland filed a Notice of Appeal.  Doc. No. 137.

Kirkland appeals the Court's Omnibus Order of June 29, 2006, doc. no. 134.  He also appeals as

inextricably intertwined various other orders, including the order appointing the Receiver, doc. no.

10.  None of the corporate defendants or relief defendants joined in this appeal.  The appeal is still

pending.

Relief Defendant Sunset Bay Club, Inc. ("Sunset Bay") owns real property located in Polk

County, Florida.[1]  In this motion, the Receiver requests leave to sell the Polk County property at a

public auction, so that the Receiver can generate cash for the receivership estate.  "The Receiver

believes it is necessary to liquidate assets, including the Polk County Property, in order to allow

her to pay the reoccuring expenses of the receivership estate."  Doc. No. 175 at 4.  The Receiver

also believes a sale by auction will generate fair market value for the property.  *Id*.

Counsel for the SEC is not opposed to this motion.  Defendant Patrick Kirkland is opposed

to the motion, but he has not filed a response in opposition and the time for doing so has passed.

---

[1]  The property is more fully described in the exhibit to the motion.  Doc.  No. 175-2.

Kirkland is the registered agent of Sunset Bay and was served in this capacity.  Doc. No. 15.  However, because Kirkland is not an attorney, he may not appear on behalf of Sunset Bay. Local Rule 2.03(e).  Although the Court has appointed a Receiver for the corporate defendants, the corporate defendants continue to exist as separate legal entities that may employ counsel to represent them. Such representation could include, among other things, advancing arguments that the Receiver is not acting in the best interest of the corporate defendants or, indeed, that a Receiver should never have been appointed.[2]  However, because no such appearance has been entered, and because service of this motion was effected on Sunset Bay's registered agent, in these circumstances,[3] I will treat the motion as unopposed.

## II.    APPLICABLE LAW.

"[T]he district court has broad powers and wide discretion to determine relief in an equity receivership."  *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992), *rev'd in part on other grounds*, 998 F.2d 922 (11th Cir. 1993).  This includes the power to permit a Receiver to sell property where appropriate to protect the receivership estate.  *Id.*; *see also* Doc. No. 10.  Sale of real property by public auction is permitted by 28 U.S.C. § 2001.

---

[2]  Of course, because the Receiver controls the corporate defendants' assets, the corporate defendants would not be permitted to pay an attorney without the approval of the Receiver or by order of the Court.

[3]  Because service was effected on Kirkland in his capacity as registered agent of Sunset Bay, doc. no. 15, it appears that a clerk's default could be entered against Sunset Bay.  Fed. R. Civ. P. 55(a).  It is unclear why the SEC has not moved for such entry.

The Court must consider the effect of the pendency of Kirkland's interlocutory appeal.
The general rule when a party files an interlocutory appeal is that "[t]he filing of a notice of appeal
. . . confers jurisdiction on the court of appeals and divests the district court of its control over
those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56, 58 (1982). "'When one aspect of a case is before the appellate court on interlocutory
review, the district court is divested of jurisdiction over that aspect of the case. A district court
does not have the power to alter the status of the case as it rests before the Court of Appeals.'"
*Green Leaf Nursery v. E.I. Du Pont de Nemours*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting
*Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). Of
course, the district court retains jurisdiction "'to proceed forward with portions of the of the case
not related to the claims on appeal . . . .'" *Id.* (quoting *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th
Cir. 2000)).

Federal Rule of Civil Procedure 62(c) provides an exception to this general rule. *Pacific
Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 n.7 (11th Cir. 1994). Rule 62(c) provides as
follows:

> When an appeal is taken from an interlocutory . . . judgment granting, dissolving, or
> denying an injunction, the court in its discretion may suspend, modify, restore, or
> grant an injunction during the pendency of the appeal upon such terms as to bond or
> otherwise as it considers proper for the security of the rights of the adverse party.

*Id.* "Courts have interpreted Rule 62(c) to allow a district court to modify an injunction that has
been appealed only to the extent necessary to maintain the status quo, and the modification cannot
be such that it moots the appeal and divests the appellate court of jurisdiction" or otherwise alters
the scope of appellate review. *Sammons v. Polk County Sch. Bd.*, No. 8:04-cv-2657-T24EAJ,

2006 WL 82606, *2 (M.D. Fla. Jan. 12, 2006); *see also The Coastal Corp. v. Tex. Eastern Corp.*, 869 F.2d 817, 819-20 (5th Cir. 1989) (collecting cases).

## III.    ANALYSIS.

Sunset Bay did not join in Kirkland's interlocutory appeal.  Therefore, the Polk County property, which is owned by Sunset Bay, is not related to the claims on appeal and the Court may proceed with respect to this property.

The Polk County property is owned by one of the receivership entities, and therefore within this Court's power.  The Receiver represents that the sale is necessary to maintain recurring obligations of the receivership estate. She submits that the sale "would likely receive fair market value and generate substantial cash for the Receivership estate." Doc. No. 175 at 3.  The Receiver does not provide any estimate of what she believes fair market value of the property will be.

Because the sale of some property held by a receivership entity is likely necessary to permit the Receiver to continue in her Court-ordered obligation to maintain the receivership assets, as well as to marshal assets for the allegedly injured investors, I recommend that the Receiver be permitted to sell the Polk County property by public auction, as set out in the present motion.[4]  I recommend, however, that the Court establish a minimum sales price, to be determined based on information the Receiver shall provide to the Court setting forth her estimate of the fair market value of the property and the basis of that estimate.

_____

[4]  With respect to expenses incurred by the receivership estate, it is the Receiver's responsibility to ensure that her work and the work of attorneys and other professionals she employs on behalf of the receivership estate is limited to that necessary to the assigned tasks and as economical as possible to perform the tasks in order to protect the assets of the receivership estate.

IV.     RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Receiver's Motion to

Authorize Sale by Auction of Specific Real Property (doc. no. 175) be **GRANTED**.   I further

recommend that the Court set a minimum sales price based on information the Receiver shall

provide to the Court, on or before December 1, 2006, setting forth her estimate of the fair market

value of the property and the basis of that estimate.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 20, 2006.

*Karla R. Spaulding* _____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy