# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                    **Plaintiff,**

-vs-                                            Case No.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                    **Defendants,**

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                    **Relief Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RECEIVER'S RENEWED MOTION FOR . . . THE EXPANSION OF THE RECEIVERSHIP ESTATE TO INCLUDE LAUREL WOOD'S SHARE OF ALPHARETTA HOME (Doc. No. 163)
>
> **FILED:** November 2, 2006
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

## I. PROCEDURAL HISTORY.

On February 16, 2006, Plaintiff Securities and Exchange Commission (SEC) filed a complaint against Patrick Kirkland and various entities controlled by Kirkland. The complaint alleged that Kirkland, through the various entities, violated the securities laws by selling unregistered securities, and committed fraud. Doc. No. 1. The SEC also moved for the appointment of a receiver for Defendants Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay, Inc., and Isleworth Adult Community, Inc. (the receivership entities). Doc. No. 6.

The same day, this Court appointed Judith M. Mercier, Esq., as the receiver for the receivership entities. The Order Appointing Receiver provides that "[i]n the event that the Receiver discovers that funds of persons who have invested in the Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds." Doc. No. 10 at 8.

In March 2006, the Receiver filed a motion to expand the receivership to include, among other assets, a single family home located at 4900 CandaCraig Lane, Alpharetta, Georgia 30022 (Alpharetta home), which is titled in the name of Kirkland and his former spouse, Laurel Wood, and which is currently occupied by Wood and her daughter. Doc. Nos. 42, 163. On March 29, 2006, the Court took evidence and heard argument on the motion. Doc. Nos. 60, 65 (March 29, 2006 Hearing Tr.). The Court reserved ruling on the motion for expansion of the receivership with

respect to the Alpharetta home until the Receiver and Kirkland submitted supplemental briefing on Wood's homestead rights in the property. Doc. No. 78.

The Receiver submitted the required memorandum. Doc. No. 85. Kirkland filed a Motion for Modification and Other Relief from Temporary Restraining Order and Preliminary Injunction Regarding CandaCraig Home. Doc. No. 87. In the motion, Kirkland requested that the Alpharetta home be released from the asset freeze. *Id*.

On May 22, 2006, the Court held a hearing on the various motions. At that hearing, the Court ordered that Kirkland's interest in the Alpharetta Home be included in the receivership. Doc. No. 109; *see also* Doc. No. 112 (May 22, 2006 Hearing Tr.). The Receiver then filed the present motion seeking to include in the receivership estate Wood's interest in the Alpharetta home.

Wood is not a party in the present case. She filed a limited appearance in this case through counsel in order to challenge the Receiver's request that the Alpharetta home be included in the receivership estate, and she filed a memorandum in opposition to the Receiver's motion. *See* Doc. Nos. 107, 168. The Receiver then filed a motion for expedited consideration of the motion based on Wood's alleged default on mortgage obligations. Doc. No. 178. The matter was referred to me, and is now ripe for review.

**II.    JURISDICTION.**

The initial question I must address is whether this Court may exercise personal jurisdiction over Wood or *in rem* jurisdiction over her interest in the Alpharetta home.

It is undisputed that Wood resides in Alpharetta, Georgia. The Receiver does not argue that the Court acquired personal jurisdiction over Wood as a result of her entry of a limited appearance

in this case through counsel. Wood is not a defendant, or nominal defendant, in this case, and the Receiver has not filed an ancillary complaint against her. *Cf. Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995)(receiver filed ancillary complaint against nonparties to SEC case to recover property pursuant to fraudulent transfer laws); *SEC v. Cherif*, 933 F.2d 403, 415 (7th Cir. 1991)(raising question whether individual could be joined as a nominal defendant when he claimed an interest in the property at issue and there was no evidence that he was culpable); *SEC v. Antar*, 831 F. Supp. 382 (D.N.J. 1993)(SEC named defendant's wife and children as nominal defendants in the case before Court ordered that property held by them should be included in receivership estate). Wood has not been served with process. There has been no finding by the Court that Wood acted in active concert or participation with Kirkland or other defendants in this case, or that she was culpable in the alleged fraud underlying the SEC's complaint in the present case.[1] *Cf. SEC v. Black*, 163 F.3d 188 (3d Cir. 1998)(affirming release of assets from a receivership estate that were not property or deemed to be property of a defendant or a culpable third party), and cases cited therein. Accordingly, it appears that the Court does not have personal jurisdiction over Wood. *Cf. S.E.C. v. Bilzerian*, 378 F.3d 1100, 1103 (D.C. Cir. 2004)(discussing law regarding exercise of jurisdiction over defendant named in ancillary complaint filed by a receiver).

The record is also insufficient to establish that the Court could exercise *in rem* jurisdiction over Wood's interest in the Alpharetta home. The Alpharetta home is not within the Middle

---

[1] In the request for expedited consideration, the Receiver cited excerpts from Wood's deposition as support for her contention that Wood's interest in the Alpharetta home should be included in the receivership estate to protect the property and maintain its value. Doc. No. 178. She does not argue or present legal authority that Wood's testimony is sufficient to establish that Wood is acting in active concert or participation with Kirkland in violation of the injunction in this case.

District of Florida. Rather, it is located in Fulton County, Georgia, which is within the Northern District of Georgia. A federal court may exercise *in rem* jurisdiction over property in another judicial district pursuant to a receivership only if the receiver, within ten days after the entry of the order of appointment, files copies of the complaint and order of appointment in the district court for each district in which the property is located. 28 U.S.C. § 754. "The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all property in that district." *Id.*

While the Receiver testified that she caused to be "recorded the preliminary injunction orders and the records," March 29, 2006 Hearing Tr. at 62, she cites no evidence in the record that the complaint and order of appointment were filed with the United States District Court for the Northern District of Georgia or the date of such filing. As such, she failed to meet her preliminary burden of establishing that this Court can exercise *in rem* jurisdiction over Wood's ownership interest in the Alpharetta home.

Finally, none of the cases cited by the Receiver support the exercise of jurisdiction over Wood or her interest in the Alpharetta house based on the present state of the record, for the reasons discussed below. *See* Doc. No. 163.

In *SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992), the United States Court of Appeals for the Eleventh Circuit approved the district court's denial of a nonparty's claim for funds distributed from a receivership estate based on a finding that the transfer of funds from the defendant to the claimants was a fraudulent conveyance. In the present case, the Receiver has not shown that Wood acquired her interest in the Alpharetta home with the intent to delay, hinder or default creditors. *Id.* at 1567. The *Elliott* court also addressed certain claimants' ownership interest in assets based on

evidence that they transferred the assets to the defendants. *Id.* at 1570-71. There is no evidentiary showing here that Wood transferred her interest in the Alpharetta home to Kirkland.

In *SEC v. Elmas Trading Corp.*, 620 F. Supp. 231 (D. Nev. 1985), *aff'd*, 805 F.2d 1039 (9th Cir. 1986), the court found that certain corporations were alter egos of the defendants and included their assets in the receivership on this basis. The Receiver has not shown in this case that Wood is the "alter ego" of Kirkland with respect to her ownership interest in the Alpharetta home, even assuming that the alter ego theory could be applied as between individuals.

In *SEC v. First City Financial Corporation*, 890 F.2d 1215 (D.C. Cir. 1989), the court did not address the question of whether a receivership should be expanded to include property held by nonparties. Similarly, in *SEC v. Funding Resource Group*, Case No. 3-98-CV-2689-M, 2002 U.S. Dist. LEXIS 1666, (N.D. Tex. Feb. 1, 2002), the issue discussed was payment of victims' claims from funds in the receivership estate, not expansion of the receivership estate to include property held by nonparties.

### III.   CONCLUSION.

For the reasons discussed above, I conclude that the Receiver has not established that this Court can exercise jurisdiction over Wood or her interest in the Alpharetta home. The Receiver may renew the motion to expand the receivership estate to include Wood's interest in the Alpharetta house, if appropriate, supported by evidence and a memorandum of law sufficient to establish that this Court can exercise personal jurisdiction over Wood or *in rem* jurisdiction over

Wood's ownership interest in the Alpharetta home.  Alternatively, the SEC may seek to add Wood as a party to the present case or the Receiver may file an ancillary complaint against Wood.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties