# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

            **Plaintiff,**

-vs-                                         Case No. 6:06-cv-183-Orl-28KRS

**PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,**

            **Defendants,**

**SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,**

            **Relief Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RECEIVER'S FIRST INTERIM APPLICATION FOR AUTHORIZATION TO PAY GRANT THORNTON'S FEES AND COSTS (Doc. No. 182)
>
> **FILED:** November 2, 2006

The present motion is styled as the "Receiver's First Interim Application for Authorization to Pay Grant Thornton's Fees and Costs." Doc. No. 182. Indeed, it appears that the motion was

submitted to the CM/ECF system by the Receiver. *See* Doc. No. 182 docket text. The Receiver also signed the Certificate of Service associated with the present motion. However, the motion itself is signed by Maria M. Yip, on behalf of Grant Thornton LLP, the forensic accountancy firm retained by the Receiver. Doc. No. 182 at 12.

It does not appear that Ms. Yip is an attorney who may sign a motion or otherwise appear on behalf of Grant Thornton. Federal Rule of Civil Procedure 11(a), and Local Rule 2.03(e) make clear that only attorneys may appear and file motions on behalf of a corporation or limited liability partnership. Therefore, the motion, doc. no. 182, is **DENIED without prejudice**.

In a renewed motion, the Receiver should be cognizant of the evidentiary requirements necessary to support a motion for award of professional fees. Neither Yip's verified motion nor that the Report and Recommendation and Order submitted with the motion address the background, experience or customary hourly rate billed by and paid to Grant Thornton professionals (other than Yip) for whose work compensation is sought. The motion also does not address the reasonableness of hours worked by multiple professionals in meetings with each other or in providing supervision and assistance to others.

Moreover, while time was necessarily reasonably expended by the accountants in assisting the Receiver, it would be improvident for the Court to approve fees in excess of the receivership's then current assets. Indeed, it is the Receiver's responsibility to ensure that the work of attorneys and other professionals is limited to that necessary to the assigned task and as economical as possible to perform the task in order to protect the assets of the receivership estate, rather than employing a cadre of professional assistants whose fees, at least at present, exceed the receivership's ability to pay.

Accordingly, should the Receiver file any new or renewed requests for payment of fees and costs, the amount sought should be limited to the receivership assets then available, or should be supported by a memorandum of law addressing when authorization to pay amounts in excess of the receivership assets may be appropriate.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties