# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-vs-                                         Case No.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                Relief Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S FIRST INTERIM APPLICATION FOR AUTHORIZATION TO PAY RECEIVER'S AND HOLLAND & KNIGHT'S FEES AND COSTS (Doc. No. 169)** |
| **FILED:** | **September 29, 2006** |

The court-appointed Receiver moves for an award of attorney and other professional fees, and out-of-pocket expenses, incurred between February 16, 2006, and August 31, 2006.  Doc. No. 169.  In support of the motion, the Receiver submitted the following: time sheets for her own services, doc. no. 169-3; time sheets for attorneys and other professional staff employed at Holland & Knight LLP, the law firm retained by the Receiver, doc. no. 169-4 through 169-12; a summary of costs incurred by Holland & Knight, doc. no. 169-13; invoices from various companies employed by the Receiver, doc. no. 169-14 through 169-15; and a schedule of assets added to the receivership estate, doc. no. 169-16.  Defendant Patrick Kirkland filed a response in opposition.  Doc. No. 174.  The matter is ripe for review and has been referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.   PROCEDURAL HISTORY.**

On February 16, 2006, Plaintiff Securities and Exchange Commission (SEC) filed a complaint against Kirkland and various related entities for alleged violations of the federal securities laws.  Doc. No. 1.  The complaint seeks declaratory and injunctive relief, disgorgement of alleged ill-gotten profits, penalties pursuant to the securities laws, and other relief.  The same day, the SEC filed an emergency motion requesting the imposition of a temporary restraining order and the appointment of a receiver.  Doc. No. 6.  The Court granted the SEC's motion for a temporary restraining order, doc. no. 9, and motion for appointment of a receiver for all of Kirkland and the Relief Defendants' property, doc. no. 10.  The Court appointed Judith M. Mercier, Esq., a partner at Holland & Knight, as Receiver.

Thereafter, the Receiver retained Holland & Knight as counsel.[1] The Receiver and her counsel took possession of the books and records of the receivership entities, analyzed the financial transactions undertaken by the receivership entities, sold properties held by receivership entities, and has undertaken to manage the various properties held by the receivership entities. The Receiver has also undertaken to manage the continuing operations of the receivership entities. *See* Doc. No. 150-2 (Receiver's Second Interim Report).[2]

On July 18, 2006, Defendant Patrick Kirkland filed a Notice of Appeal. Doc. No. 137. Kirkland appeals the Court's Omnibus Order of June 29, 2006, doc. no. 134. He also appeals as inextricably intertwined various other orders, including the order appointing the Receiver, doc. no. 10. None of the corporate defendants or relief defendants joined in this appeal. The appeal is still pending. In his response to the present motion, Kirkland requests that the Court defer awarding fees until the appeal is resolved. Doc. No. 174.

## II.  STANDARD OF REVIEW.

The order of appointment provides that the Receiver may employ legal counsel, and subject to Court approval, fix and pay their reasonable compensation and reasonable expenses. Doc. No. 10 at 4, 6. The Receiver is entitled to compensation for work performed consistent with the

---

[1] The Receiver also hired a forensic accountancy firm. I denied without prejudice a motion for authorization to pay fees incurred by the accountancy firm, doc. no. 182, because it was not signed by an attorney, doc. no. 197. The motion has not been reasserted as of the writing of this report and recommendation.

[2] Kirkland argues that the Receiver has mismanaged the funds and properties of the receivership entities, as well as the receivership entities themselves. Indeed, his opposition to the present motion makes numerous factual assertions that Kirkland contends show the Receiver's mismanagement. Doc. No. 174.

appointment. *S.E.C. v. Elliott*, 953 F.2d 1560, 1576-77 (11th Cir. 1992) (per curiam); *see also F.T.C. v. Peoples Credit First, LLC*, Case No. 8:03-cv-2353-T-TBM, 2006 WL 2583697, *1 (M.D. Fla. Sept. 7, 2006).

Using bankruptcy law as an analogy, a receiver is entitled to be reimbursed for the actual and necessary expenses incurred in preserving the estate. *Cf. Elliott*, 953 F.2d at 1567 (citing bankruptcy cases). A receiver is also entitled to reasonable compensation for professional services rendered based on the time, nature, extent, and value of such services, and the cost of comparable services as well as the actual, necessary expenses incurred by the professional. *Cf.* 11 U.S.C. §§ 330, 503(b)(3)(D), (b)(4) (administrative expenses in bankruptcy proceedings).

A claim for receivership expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the estate. *See In re Southeast Banking Corp.*, 314 B.R. 250, 271 (S.D. Fla. 2004) (bankruptcy case). Claims for professional services, similarly, must be supported by evidence that the hourly rate is reasonable and commensurate with rates paid for similar services, and that the time expended was reasonable. *See Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

**III.   ANALYSIS.**

*A.   Professional Fees.*

There are several problems with the present application for professional fees.

First, the Receiver has not presented evidence regarding the background and experience of the attorneys and other professional who performed work in this case. While some of this information is available in the materials submitted by the SEC in support of its motion for

appointment of a receiver, doc. no. 6, this information concerns only some of the partner-level attorneys involved. The Receiver has introduced no evidence about other partner-level attorneys, the numerous associate-level attorneys, or the other professionals who performed work in this case. Absent information about the background and experience of all of the professionals who performed work in this case, I cannot make an individualized determination about whether the rates requested are reasonable.

Also, while there is evidence regarding the Receiver's qualifications as an attorney, she has not presented evidence regarding the reasonableness of the rate requested for work performed in her capacity as receiver. While work performed in this capacity is performed in lieu of work that could be billed at her regular rate, it is not necessarily reasonable that she should be compensated at her full rate for clerical or other administrative tasks. *Cf. S.E.C. v. Goren*, 272 F. Supp. 2d 202, 207-08 (E.D.N.Y. 2003) (observing that "[a] fee somewhat lower than a typical partner-level attorneys' fee [may be] warranted because the Receiver in this proceeding was called upon to act primarily as an administrator"). For example, the Receiver has submitted no evidence that she should be compensated at her requested rate for time spent "pack[ing] files," doc. no. 169-3 at 9, or for "[a]dministrative and management duties," *id*. at 15.

Next, turning to the reasonable number of hours worked, the records reflect a number of vague or otherwise problematic entries. For example, in March 2006, the Receiver worked 3.5 hours to "Manage operational issues," and 2.0 hours to "Coordinate operational issues," but does not explain what these operational issues were. *Id*. at 11. Associate Andrew P. Lannon billed 6.10 hours to "[t]rack down Kirkland's safety deposit box at Wachovia," to contact investment banks to determine whether Kirkland had accounts, and to prepare notes of meetings with employees; and

3.30 hours to serve a copy of the temporary restraining order and order appointing the receiver on a bank, and to open Kirkland's safety deposit box. Doc. No. 169-4 at 11-12. The Receiver has not submitted any information to support the position that this work should be compensated at an attorney's rate. Also, numerous paralegals have worked setting up and maintaining a website associated with the receivership. The Receiver has made no showing that establishing a website for the receivership is necessary to preserving the estate, or even if it is, that regular paralegal rates should apply. These are examples of some, but not all, of the entries that either do not reflect good billing judgment, or that provide insufficient information for the Court to make a reasonableness determination.

Finally, but most importantly, the Receiver seeks reimbursement of $576,569.50 in fees, which, as the Receiver conceded, exceeds the current assets in the receivership estate. Doc. No. 169 at 7. "Whether a receiver merits a fee is based on the circumstances surrounding the receivership and results are always relevant." *Elliott*, 953 F.2d at 1577 (internal quotations and citations omitted).

While time was necessarily reasonably expended in marshaling the assets of the receivership estate, the Court cannot approve payment of fees in excess of the funds available. Moreover, it is important for the Court to weigh the results obtained by the Receiver against any fee request to determine whether the fees should be reduced if the Receiver is not able to recover significant funds for the receivership estate. Indeed, it is the Receiver's responsibility to ensure that the work of attorneys and other professionals is limited to that necessary to the assigned task and as economical as possible to perform the task in order to protect the assets of the receivership estate, rather than employing a cadre of professional assistants whose fees, at least at present,

exceed the receivership's ability to pay.

   *B. Out-of-Pocket Expenses.*

With respect to reimbursement of out-of-pocket expenses, the Receiver requests a total of $71,838.00. When out-of-pocket expenses represent legitimate, reasonable expenditures actually incurred by the Receiver and her counsel, it is reasonable that they should be reimbursed. However, there is insufficient information to assess whether the expenses were reasonably necessary. Indeed, some of the expenses, such as internet research fees or document binding costs, may not be compensable. *See, e.g.*, *In re Hillsborough Holdings Corp*, 127 F.3d 1398, 1403-04 (11th Cir. 1997) (permitting secretarial overtime and computer research costs if the billing professionals make a practice of billing for such items and adjust their hourly rates accordingly as compared with professionals who absorb the costs as part of their overhead); *Lang v. Reedy Creek Improvement Dist.*, Case No. 94-693CIVORL3ABF(17), 1997 WL 809200 (M.D. Fla. Dec. 23, 1997) (disallowing, among other things, law firm's routine charge for facsimiles that was unrelated to actual cost).

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Receiver's First Interim Application for Authorization to Pay Receiver's and Holland & Knight's Fees and Costs, doc. no. 169, be **DENIED without prejudice**. I further recommend that the Receiver be instructed not to include in any future fee applications the fees and costs incurred in preparing the present application because it was inadequate on its face, as discussed herein. In any renewed motion, the

Receiver also should address the concerns raised by Kirkland in his opposition. In particular, the Receiver should address Kirkland's arguments regarding the pendency of the interlocutory appeal.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 4, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy