# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

-vs-                Case No. 6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY DEVELOPMENT
CORPORATION, and SENIOR ADULT
LIVING CORPORATION,

       Defendants,

SUNSET BAY CLUB, INC., SUMMERHILL
VENTURES, INC., PELICAN BAY CLUB,
INC., and ISLEWORTH ADULT
COMMUNITY, INC.,

       Relief Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RECEIVER'S RENEWED MOTION TO COMPEL PATRICK KIRKLAND TO EXECUTE A POWER OF ATTORNEY WITH RESPECT TO THE COACHMAN'S HOUSE (Doc. No. 179)
>
> **FILED:** October 27, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

**I.    RELEVANT BACKGROUND.**

This Court appointed Judith M. Mercier, Esq., as the Receiver for the corporate and relief defendants in this case. Doc. No. 10. On February 24, 2006, the Court entered a preliminary injunction against Kirkland that, among other things, froze all of his assets and ordered that he "take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by [him] or under [his] direct or indirect control . . . and deposit such funds into the Registry of [this Court]." Doc. No. 30.

The Court subsequently found that real property located in Dollarberg, Dollar, Clackmannashire FK14 7LZ, Scotland, consisting of a house and adjacent grounds, commonly referred to as the "Coachman's House," along with furnishings and other personal property located at the house was either acquired by or serviced through the use of investor funds. Doc. No. 78 at 2. The Court expanded the receivership estate to include the Coachman's House and ordered that "[t]he receiver shall have the authority to take possession of; sell; collect rents and proceeds; and negotiate, settle, pay and resolve any charges and/or expenses against the property, including any mortgage, taxes and/or debts secured by the Coachman's House." *Id*. at 3.

The Receiver has consulted Jim Cormack, a solicitor and partner at the law firm McGrigors LLP, located in Edinburgh, Scotland, about how to exercise her authority over the Coachman's House. Doc. No. 179-5. In a memorandum that the Receiver filed with the Court, Mr. Cormack indicates that Scots law does not provide any statutory methods for enforcing this Court's order. *Id*. at 3. Additionally, other common law enforcement

methods are costly and uncertain.  *Id.* at 3-7.  Therefore, Mr. Cormack suggests that "[t]he most straightforward and cost effective approach to this matter would be for Patrick Kirkland to execute a Power of Attorney in a form which complies with the requirements of Scots law appointing the Receiver as his attorney for the purposes" of the Coachman's House.  *Id.* at 8.  Accordingly, the Receiver seeks an order compelling Kirkland to sign a power of attorney.

The proposed power of attorney submitted by the Receiver provides in relevant part as follows:

> I Patrick Boyd Kirkland . . . do hereby nominate, constitute and appoint [the Receiver] . . . to be my true and lawful attorney . . . with full power and authority to do all acts and things and to sign all documents for me and on my behalf whatsoever which my Attorney may consider necessary or desirable to be done in connection with or incidental to the taking possession of, selling, collecting rents and proceeds, negotiation, settlement, payment and resolution of any charges and/or expenses against [the Coachman's House] . . . including any mortgage, taxes and/or any debts secured over the Coachman's House . . . .
> . . . .
> And I declare that this Power of Attorney shall remain in force until recalled by me in writing but until my Attorney shall receive notice of recall or other termination of this Power of Attorney, my Attorney shall be entitled to continue to act hereunder . . . .

Doc. No. 179-4 at 3-4.

Kirkland opposes the requested relief.  Doc. No. 180.

Meanwhile, Kirkland filed an appeal of the Court's orders, including the order appointing the Receiver and the order expanding the receivership estate to include the Coachman's House.  Doc. No. 137.  The appeal is currently pending.

**II.    ANALYSIS.**

A federal court has the power to order a defendant over whom it has personal jurisdiction "'to transfer property whether that property [is] within or without the limits of the court's territorial jurisdiction.'" *Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1187 (11th Cir. 1991)(quoting *United States v. Ross*, 302 F.2d 831, 834 (2d Cir. 1962)). Such an order is effective against the defendant "'provided such act is not contrary to the law of the state in which it is to be performed.'" *Id.* (quoting *S.E.C. v. Minas De Artemisa, S.A.*, 150 F.2d 215, 217 (9th Cir. 1945)). Similarly, a receiver may act extraterritorially pursuant to such an order unless the order conflicts with foreign law. *Id.* at 1188.

This Court has required Kirkland to repatriate to the United States all funds and assets of investors. The Court has found that the Coachman's House was acquired or serviced with investor funds and ordered that it be included in the receivership estate. The question currently before the Court is how to effectuate the repatriation order and order appointing receiver in light of the lack of mechanisms under Scots law to permit the Receiver to exercise her authority with respect to the Coachman's House.

In other cases, courts have required defendants to sign documents giving a receiver signatory authority over foreign accounts and access to foreign account documents. *See, e.g., Commodity Futures Trading Comm'n v. Schroeder*, No. Civ. A. 1:06CV0705, 2006 WL 3114275 (W.D. Mich. Oct. 6, 2006)(consent to release financial records); *S.E.C. v. Credit Bancorp, Ltd.*, No. 99 Civ. 11395 (RWS), 2000 WL 968010, at * 1 (S.D.N.Y. July 12, 2000)(signatory authority). The power of attorney requested by the

Receiver would achieve the same purpose as the orders required in these cases. It would give the Receiver the authority to manage and maintain the receivership property in the same manner as if the property had been physically repatriated to the United States. Therefore, I recommend that the motion to compel Kirkland to sign a power of attorney be granted in part.

However, the proposed power of attorney is not appropriate. First, as drafted, it would give Kirkland the ability to revoke the power of attorney at any time. Second, there is also no indication that the proposed power of attorney is in a form that complies with the requirements of Scots law.

Third, the proposed power of attorney authorizes the Receiver to sell the Coachman's House. While the appeal of this Court's orders is pending, disposition of the receivership assets is not appropriate because "[a] district court does not have the power to alter the status of the case as it rests before the Court of Appeals.'" *Green Leaf Nursery v. E.I. Du Pont de Nemours*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). In contrast, permitting the Receiver to control and maintain the Coachman's House merely maintains the status quo, and insures that the value of the asset is not compromised or diminished due to lack of upkeep or failure to pay debts such as mortgages, taxes and the like.

**III.     RECOMMENDATION.**

Accordingly, I recommend that the Receiver submit a revised form of power of attorney that has been reviewed by Mr. Cormack to ensure that it conforms to the requirements of Scots Law.  The revised power of attorney should not contain a provision allowing Kirkland to withdraw it, and it should not authorize the Receiver to sell or otherwise dispose of the Coachman's House except upon further order of this Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 1, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy