# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-183-Orl-28KRS**

**PATRICK KIRKLAND, TROPICAL VILLAGE, INC., CLARITY DEVELOPMENT CORPORATION, and SENIOR ADULT LIVING CORPORATION,**

**Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL VENTURES, INC., PELICAN BAY CLUB, INC., and ISLEWORTH ADULT COMMUNITY, INC.,**

**Relief Defendants.**

---

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S MOTION TO ALLOW REDUCED AUCTION SALE PRICE OF SPECIFIC REAL PROPERTY (Doc. No. 223)** |
| **FILED:** | **February 8, 2007** |

In October 2006, the Court-appointed Receiver requested leave to sell real property owned by Relief Defendant Sunset Bay Club, Inc. ("Sunset Bay") and located in Polk County, Florida ("the Polk County Property"). Doc. No. 175; *see also* Doc. No. 175-2 (legal description of property). I recommended that the Court grant the motion, but that the Court set a minimum sales price to be determined based on information from the Receiver. Doc. No. 194. In response to the Report and Recommendation, the Receiver submitted an estimate, based on a comparative market analysis by Robert Ewald, the auctioneer, that the fair market value of the Polk County Property was $308,800.00. Doc. No. 201. The Court granted the motion, required that the auction occur within thirty days, and set the minimum sales price for the Polk County Property at $308,800.00. Doc. No. 205.

After advertising, a public auction was held on February 1, 2007, at which seven bidders appeared. Declaration of Robert H. Ewald, doc. no. 223-2 (Ewald Decl.) ¶ 11. The highest bid was $260,000.00 by the Lakeland Housing Authority. *Id.* ¶ 12. With the addition of a buyer's premium, the Lakeland Housing Authority has presented the Receiver with a contract for sale for the total amount of $286,000.00. *Id.*; *see also* doc. no. 223-4 (Real Estate Purchase and Sale Contract).

Because the amount of the contract for sale is less than the minimum sales amount set by the Court, the Receiver seeks leave to sell the Polk County Property at a lower amount. Because the contract of sale requires closing by March 5, 2007, doc. no. 223-4, the Receiver requested expedited consideration of the motion. The Receiver's motion indicates that Defendant Patrick Kirkland, who is also the registered agent of Sunset Bay, was opposed to the motion. Doc. No. 223. Accordingly, on February 14, 2007, I entered an order requiring that Kirkland file and serve

his response to the motion, if any, by February 21, 2007. Doc. No. 227. To ensure prompt service, I also ordered counsel for the Receiver to personally serve the order on Kirkland. *Id*. Kirkland has not responded, and the time for doing so has passed. Accordingly, I construe the motion as unopposed.

"[T]he district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). This includes the power to permit a Receiver to sell property where appropriate to protect the receivership estate. *Id.*; *see also* Doc. No. 10. Sale of real property by public auction is permitted by 28 U.S.C. § 2001.

Here, the Court has already determined that the sale of the Polk County Property is appropriate. The only question is whether the Court should permit the sale at the reduced rate.[1]

Mr. Ewald avers that he prepared the comparative market analysis to gauge the range at which the Polk County Property could like sell. Ewald Decl. ¶ 5. The comparative market analysis "was not intended to represent the fair market value of the Polk County Property." *Id*. ¶ 7. Mr. Ewald avers that, based on his experience in the real estate and auction fields, that the contract price represents the current fair market value of the Polk County Property. *Id*. ¶ 13. He also avers, based on his experience, that "it is extremely unlikely that the Receiver could net more for the [receivership] Estate by either conducting another auction or listing the Polk County Property for sale." *Id*. ¶ 16. Additionally, if the contract is not closed, the Receiver will incur advertising and auction costs. *Id*. ¶ 15. Mr. Ewald also avers that it is "extremely unlikely" that a subsequent

---

[1] For the reasons discussed in my Report and Recommendation on the original motion, Kirkland's pending interlocutory appeal does not prohibit disposition of the Polk County Property. Doc. No. 194.

auction would result in higher bids sufficient to meet the minimum sales price, as well as the additional advertising and auction costs. *Id*. ¶ 19.

While it appears that the auction was not conducted in the time permitted by the Court's order, and that the auction did not produce the minimum sales amount the Receiver represented as the estimated fair market value of the property, *see* doc. no. 201, based on Mr. Ewald's declaration, it appears that permitting the sale of the Polk County Property at the contract price is both appropriate and the best available option for permitting the Receiver to continue in her Court-ordered obligation to maintain the receivership assets as well as to marshal assets for the allegedly injured investors. Accordingly, I respectfully recommend that the motion be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within **eleven (11)** from the date of its filing days, or such shorter time established by the presiding district judge, shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 22, 2007.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy