**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-vs-                                              Case No. 6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                Relief Defendants.

**ORDER**

This cause came on for consideration without oral argument on the Receiver's Motion to Authorize Sale of Texas Property, doc. no. 236.

**I.    INTRODUCTION.**

On February 16, 2006, this Court entered an Order Appointing Receiver that appointed Judith M. Mercier, Esq., as the receiver for Defendants Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset

Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay, Inc., and Isleworth Adult Community, Inc. Doc. No. 10.

Relief Defendant Isleworth Adult Community, Inc. ("Isleworth"), owns real property located in Houston, Travis County, Texas ("Travis County Property").[1]  In this motion, the Receiver requests leave to sell the Travis County Property to Remington Growth Partners, L.P., for a contract purchase price of $2,735,132.40, so that the Receiver can generate cash for the receivership estate.  A copy of the contract is attached.  Doc. No. 236-3.  "The Receiver believes it is in the best interest of the Receivership Estate to allow the sale of the [Travis County] Property at the Contract price of $2,735,132.40 . . . ."  Doc. No. 236 at 4.  The Receiver does not believe that additional time would result in a higher sales price.  *Id*. at 3.  The Receiver also believes that by selling the property now, the Receiver will be able to avoid carrying costs associated with the property, and will enable to Receiver to continue to meet other obligations.  *Id*. at 5.

The Receiver initially had the property appraised, resulting in an appraisal value of $2,940.000.00.  Doc. No. 236 at 3 n.1.  The Receiver listed the property at this price, and received several offers to purchase, all of which were considerably less than the appraised price.  *Id.*  Accordingly, the Receiver asked the appraiser to update the appraisal.  CBRE appraised the property and determine that the value of the property, as of January 12, 2007, was $2,570,000.00.  Doc. No. 236 at 3 n.1 and 236-4.  Accordingly, the contract price is approximately $165,000.00 greater than the appraised price determined by the most recent appraisal.

---

[1] The property, which consists of two tracts of land, is more fully described in an exhibit to the motion.  Doc. No. 263-2.

Counsel for the SEC is not opposed to this motion. Defendant Patrick Kirkland is also not opposed to this motion. Doc. No. 236. Isleworth has not appeared in the case, and there is no indication that it is opposed to the motion. Because the buyer has requested that the Receiver notify it regarding whether she will sign the contract by March 9, 2007, the Receiver requests expedited consideration of the motion.[2]

**II.     ANALYSIS.**

"[T]he district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). This includes the power to permit a Receiver to sell property where appropriate to protect the receivership estate. *Id.*; *see also* Doc. No. 10. Sale of real property held by a receiver is permitted by 28 U.S.C. § 2001.

Under § 2001(a), sales must generally be made by public auction. Alternatively, the court may authorize a private sale if, after a hearing followed by notice to all interested parties, the court finds that the best interests of the estate will be conserved by a private sale. *Id*. § 2001(b).

> Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property . . . . No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed

---

[2] It appears that the purchaser signed the contract on February 13, 2007, yet the Receiver did not file the present motion until February 22, 2007. Because 28 U.S.C. § 636 mandates that an objection period be permitted when a report and recommendation is issued, and 28 U.S.C. § 2001 requires appointment of independent appraisers and a hearing before approving a private sale such as this one, the delay in filing the motion coupled with the short deadline to accept the contract places the parties and the Court in a difficult situation. Accordingly, in the future the Receiver should negotiate greater time for approval of proposed transactions so that the Court may have the necessary time to review the applications for approval of her actions.

> by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

*Id*. This section applies to all sales except those in bankruptcy cases, or those involving receivers appointed by the Comptroller of the Currency. *Id*. § 2001(c).

These requirements "are, by the express terms of the statute, made conditions precedent to a valid sale." *Acadia Land Co. v. Horuff*, 110 F.2d 354, 354-55 (5th Cir. 1940). A sale made without compliance to these requirements is "void." *Id*. at 355 & n.1.

The Receiver requests that the Court authorize her to sell the Travis County Property, direct that no further appraisal of the property is necessary, and direct that publishing notice of the sale is not required. Doc. No. 236 at 5. Therefore, it is clear that the Receiver is aware of the requirements of § 2001, and requests that the Court waive them. However, the Receiver cites no authority to support the contention that these requirements may be waived. Moreover, the contract contains no provision that would permit the Court to authorize the Receiver to sign the contract and later withdraw from it if the sale is not approved after the requirements of § 2001 are satisfied.

Accordingly, even though the proposed private sale would generate funds in excess of the appraised value of the Travis County Property, it cannot be approved at this juncture. The Receiver may, if appropriate, file a motion for a hearing and appointment of appraisers as required by § 2001.

### III.   CONCLUSION.

For the reasons set forth herein, the Receiver's Motion to Authorize Sale of Texas Property, doc. no. 236, is **DENIED** without prejudice.

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party