UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

         vs.                  CASE NO.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING CORPORATION,

       Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY, INC.

       Relief Defendants.

_____/

## RECEIVER'S MOTION TO AUTHORIZE SALE OF PELICAN BAY PROPERTY AND SUPPORTING MEMORANDUM OF LAW

Judith M. Mercier, Esq., Receiver ("Receiver"), pursuant to Rule 3.01 of the Local Rules of this Court, files this Motion to Authorize Sale by Auction of Pelican Bay Property and Supporting Memorandum of Law.  The grounds for this motion are:

1.      On February 16, 2006, the Securities and Exchange Commission ("SEC") filed this action charging Patrick Kirkland, Tropical Village, Inc., Clarity Development Corporation and Senior Adult Living Corporation (collectively "Defendants") with four counts of violations of the federal securities law based on the sale of unregistered securities and fraud (Doc. No. 1).

2.      In this action, Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay Club, Inc., and Isleworth Adult Community, Inc., all of whom were described as being owned or

controlled by Patrick Kirkland ("Kirkland"), were named as "Relief Defendants," and injunctive and other relief was sought as to them (Doc. No. 1).

3.      On February 16, 2006, on the SEC's motion, the Court entered (1) a Temporary Restraining Order ("TRO") that, among other things, temporarily enjoined all Defendants from further violations of the federal securities laws and froze the assets of the Defendants and Relief Defendants (Doc. No. 9); and (2) an Order Appointing Receiver that appointed Judith M. Mercier, Esq., as Receiver of Tropical Village, Inc., Clarity Development Corporation, Senior Adult Living Corporation, Sunset Bay Club, Inc., Pelican Bay Club, Inc. and Isleworth Adult Community, Inc. (Doc. No. 10).

4.      The Order Appointing Receiver directed Receiver, *inter alia*, to take possession of the assets of Defendants and the Relief Defendants, exclusive of assets of Kirkland (Doc. No. 10, ¶ 2).

5.      On February 24, 2006, the Court entered (1) a Preliminary Injunction as to Kirkland (Doc. No. 30), and (2) a Preliminary Injunction as to all other Defendants and as to the Relief Defendants (Doc. No. 29).

6.      The Receiver has identified certain real property owned by Relief Defendant Pelican Bay Club, Inc., consisting of multiple triplex units situated on approximately 13 acres, located in Brevard County, Florida ("Pelican Bay Property").

7.      The Pelican Bay Property consists of 5 residential buildings; one clubhouse building and the supporting infrastructure.  In addition, there remains sufficient undeveloped land within the Pelican Bay Property to construct an additional 6 residential buildings.

8.      The Pelican Bay Property was under construction at the time the Receiver was appointed.  Since her appointment, the Receiver completed the construction of the buildings and

infrastructure described above, with the cooperation of the existing general contractor Watermark Construction, Inc. and construction lender, Banco Popular.

9.     As of the time of the filing of this motion, construction of the five buildings clubhouse and infrastructure described above is substantially complete.   The Receiver is continuing to supervise the completion of punchlist items.

10.     In order to fund the completion of construction, the Receiver entered into an agreement with the existing construction lender by which Banco Popular agreed to continue to advance funds, on a non-recourse basis to the Receivership estate.

11.     As of the time of the filing of this motion, Banco Popular is owed approximately $10,650,000.00, which is secured by a first mortgage on the Pelican Bay Property.  The entire balance of Banco Popular's loan is now due.

12.     The Receiver has entered into a contract (the "Contract") with Charles Wahlen ("Wahlen").   Under the terms of the Contract, the Receiver agreed to sell the Pelican Bay Property for a price ("Purchase Price") acceptable to the Receiver.[1]   The Contract further provides that the obligation of the Receiver to sell the Pelican Bay Property to Wahlen is contingent on the Receiver not receiving at public auction a bid to pay an amount for the property in excess of the Purchase Price.  Accordingly, the Receiver will only be obligated to perform under the Contract in the event no bid higher than the Purchase Price is achieved at public auction.

13.     The Receiver has determined that a public auction of the Pelican Bay Property, subject to the Court's approval is appropriate in order to ensure that the Receiver realizes fair market value for the Pelican Bay property.  Furthermore, by having an auction, as proposed, the

---

[1]     In order not to influence the conduct of the auction, the Receiver is not publishing the Purchase Price in this Motion.

Receiver will be able to sell the Pelican Bay Property more quickly in order to satisfy the outstanding construction loan held by Banco Popular.

14.     The Receiver believes it is necessary to liquidate assets, including the Pelican Bay Property, in order to allow her to pay the reoccurring expenses of the receivership estate. Specifically as to the Pelican Bay Property, the sale will terminate the accrual of interest on the outstanding construction loan and end the ongoing expenses such as security[2] and insurance.

15.     Proceeds from the sale will be used to satisfy the loan held by Banco Popular and for expenses associated with the public auction and the ongoing receivership expenses and held for distribution to investors and creditors.

16.     The Receiver seeks an Order from this Court authorizing the Receiver to proceed with the auction.   The Receiver also requests that this Order authorize the use of Ewald Enterprises, Inc. as auctioneer.  Ewald Enterprises, Inc. has agreed to charge a fee of $10,000, plus ten percent (10%) of any amount in excess of the Purchase Price.  Receiver anticipates advertising expenses will be approximately $15,000.00.

17.     The Receiver has contacted counsel for the SEC who agrees with this Motion. Counsel for the Receiver has contacted Defendant Patrick Kirkland who also agrees to relief sought in the Motion.

## MEMORANDUM OF LAW

A district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership.  *See SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. Safety Finance Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982); *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 609 (9th Cir. 1978).  A district court's determination will not be disturbed absent a

---

[2]      In order to obtain insurance on the property, the Receiver had to engage 24 hour security services for the property, a cost of approximately $2,500.00 per week.

4

showing of an abuse of discretion.  *See Elliott*, 953 F.2d at 1569-70; *see also SEC v. Arkansas Loan & Thrift Corp.*, 427 F.2d 1171, 1172 (8th Cir. 1972).

20 U.S.C. §§ 2001 and 2004 specifically provide for sale at public auction of property held by the Receiver.  The Receiver submits that the proposed auction sale of the Pelican Bay Property as set forth in this Motion complies with the terms of 20 U.S.C. § 2001.  Further, the Receiver submits that the proposed sale pursuant to the Contract is not a private sale as a public auction will be held and the therefore the sale need not comply with the private sale provisions of 20 U.S.C. § 2001.

The Receiver has determined it is in the best interest of the Defendants, Relief Defendants, and their creditors and investors to allow a for sale by auction of the Pelican Bay Property.  Proceeds from the sale of the Pelican Bay Property will be maintained and applied for the benefit of investors and other creditors of the Estate subject to Court order.  The purposes of the Order appointing Receiver, and the Receiver's ability to maintain the assets in the Receivership estate, will be thwarted if the Pelican Bay Property is not allowed to be sold.

WHEREFORE, Judith M. Mercier, Esq., Receiver, respectfully requests that this Court enter an order allowing (1) the receiver to retain the services of Ewald Auctioneers; (2) conduct an auction sale, subject to Court approval, of the Pelican Bay Property, (3) set the stalking horse bid Contract Purchase Price as the minimum sales price for the auction sale, and (4) award any such further relief this Court deems appropriate.

Respectfully submitted,

HOLLAND  & KNIGHT LLP
Attorneys for Judith M. Mercier,
Court-Appointed Receiver
200 S. Orange Avenue, Suite 2600
P. O. Box 1526 (ZIP 32802-1526)
Orlando, FL  32801

Tel. No.:  (407) 425-8500
Fax No.:  (407) 244-5288


By:___/s/Brian A. McDowell_____
       Brian A. McDowell
       Florida Bar No. 765521
       brian.mcdowell@hklaw.com
       Charles L. Stutts
       charles.stutts@hklaw.com
       Florida Bar No. 277010

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 4th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following parties of record:  Counsel for Plaintiff, Robert K. Levenson, Esq. and  Brian P. Knight, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131.

**I FURTHER CERTIFY** that I mailed the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participant:  Patrick B. Kirkland, 6131 Louise Cove Drive, Windermere, FL 34786, this 4th day of May, 2007.


By:___/s/Brian A. McDowell_____

# 4446307_v1