# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                               **Plaintiff,**

-vs-                                                        **Case No. 6:06-cv-183-Orl-28KRS**

**PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,**

                              **Defendants,**

**SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,**

                              **Relief Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RECEIVER'S MOTION TO AUTHORIZE SALE OF PELICAN BAY PROPERTY (Doc. No. 274)
>
> **FILED:** May 4, 2007

On February 16, 2006, this Court entered an Order Appointing Receiver that appointed Judith M. Mercier, Esq., as the receiver for Defendants Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay, Inc., and Isleworth Adult Community, Inc. Doc. No. 10.

The Receiver now requests permission to sell real property owned by Relief Defendant Pelican Bay Club, Inc., which consists of five residential buildings, one clubhouse, supporting infrastructure, as well as undeveloped land, located in Brevard County, Florida ("the Pelican Bay Property").  Doc. No. 274.  According to the Receiver, the Pelican Bay Property was under construction at the time of her appointment, and has been substantially completed under her direction.  The construction lender, which has a first mortgage on the property, is owed approximately $10,650,000.00, which amount is now due.

"The Receiver has determined it is in the best interest of the Defendants, Relief Defendants, and their creditors and investors to allow a . . . sale by auction of the Pelican Bay property.  Proceeds from the sale of the Pelican Bay Property will be maintained and applied for the benefit of investors and other creditors of the [Receivership] Estate subject to Court order.  The purposes of the Order appointing Receiver, and the Receiver's ability to maintain the assets in the Receivership estate, will be thwarted if the Pelican Bay Property is not allowed to be sold."  Doc. No. 274 at 5.

The Receiver has entered into a contract with a prospective buyer for a satisfactory price. To comply with the requirements of 28 U.S.C. §§ 2001 and 2004, which govern the judicial sale of real and personal property respectively, the Receiver proposes to hold a public auction.  If the

public auction generates a higher bid than the current contract price, the Receiver will take that bid. If not, the Receiver will sell the property pursuant to the contract. "[T]he Receiver will only be obligated to perform under the Contract in the event no bid higher than the [contract] Purchase Price is achieved at the public auction." Doc. No. 274 at 3.

Accordingly, the Receiver requests permission to retain the services of Ewald Auctioneers, pay appropriate advertising expenses, conduct an auction of the property as proposed, and "set the stalking horse bid Contract Purchase Price as the minimum sales price for the auction sale." *Id*. at 5. Neither Plaintiff Securities and Exchange Commission nor Defendant Patrick Kirkland oppose the motion. *Id*. at 4.

The Pelican Bay Property is owned by one of the receivership entities, and therefore within this Court's power. The Receiver represents that the sale is necessary to maintain recurring obligations of the receivership estate. Because the sale of some property held by a receivership entity is likely necessary to permit the Receiver to continue in her Court-ordered obligation to maintain the receivership assets, as well as to marshal assets for the allegedly injured investors, I respectfully recommend that the motion be **GRANTED** and that the Receiver be permitted to sell the Pelican Bay Property as set out in the present motion.

After the auction is completed, the Receiver shall file a request for the Court for approval of the sale, at which time an approval hearing will be scheduled.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 18, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy