# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

              **Plaintiff,**

-vs-                                                Case No. 6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

              **Defendants,**

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

              **Relief Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** RECEIVER'S MOTION FOR APPOINTMENT OF APPRAISERS AND FOR HEARING PURSUANT TO 28 U.S.C. § 2001 TO AUTHORIZE SALE OF KIRKLAND'S HOME (Doc. No. 279)
>
> **FILED:** May 9, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** RECEIVER'S MOTION TO COMPEL PATRICK KIRKLAND TO ALLOW INSPECTOR AND APPRAISERS TO HAVE ACCESS TO ISLEWORTH HOME (Doc. No. 289)
>
> **FILED:** May 14, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.     INTRODUCTION.**

On February 16, 2006, this Court entered an Order Appointing Receiver that appointed Judith M. Mercier, Esq., as the receiver for Defendants Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay, Inc., and Isleworth Adult Community, Inc. The Order permits the Receiver to apply to the Court for an order expanding the receivership where appropriate.  Doc. No. 10.

On April 13, 2006, the Court entered an order expanding the receivership to include Defendant Patrick Kirkland's home, located at 6131 Louise Cove Drive, Windermere, FL 34786. Doc. No. 78.  The order provides that, while the home was included in the receivership, the Receiver was required to obtain authorization to actually sell Kirkland's home.  Doc. No. 78; *see also* Doc. No. 153.

The Receiver requested, and received, authority to set the listing price for the property at $6,300,000, doc. nos. 135, 153, and then to reduce the listing price to $5,959, 000, doc. nos. 173,

193. The Receiver has entered into a contract to sell the home for $5,650,000. Doc. No. 279 & Ex. A (doc. no. 279-2). The contract requires closing by July 16, 2007. *Id*.

The Receiver now requests permission to do the following: retain three appraisers for the property, Anthony Pudwill, Natalie J. Pausch, and E. Austin Jones; publish notice of the pending private sale in a newspaper of general circulation in Orange County, Florida; and then for the Court to actually approve the sale. The proposed appraisers' qualifications are attached as an exhibit. *Id*. Ex. B. The proposed notice is also attached. *Id*. Ex. C.

The Receiver also moves for an order compelling Kirkland to allow the proposed buyer and the three appraisers access to the home. Doc. No. 289. The Receiver cites a previous order of the Court that "Kirkland cooperate in making the home available to be shown upon reasonable notice by the realtor hired by the Receiver or by realtors working with prospective buyers. Kirkland may not require a signed statement from any prospective buyers before permitting the house to be shown." Doc. No. 153.

The Receiver recently filed Receiver's Notice of Changed Circumstances Relating to Receiver's Motion to Compel Patrick Kirkland to Allow Inspector and Appraisers to Have Access to Isleworth Home. Doc. No. 296. In this document, the Receiver indicates that the proposed buyer requires two appraisers to have access to the home, by June 13, 2007, to satisfy financing deadlines. "The Receiver has been advised that the proposed buyer will need to cancel the contract and buy another home if his appraisers cannot perform appraisals on the Kirkland Home by Wednesday, June 13, 2007. Despite repeated request[s], Mr. Kirkland refuses to allow access to his home by appraisers or an inspector." *Id*.

Patrick Kirkland objects to the motion on the basis that the proposed sale would violate his state constitutional homestead rights, and that permitting an inspection would violate his state constitutional privacy rights. Doc. No. 292. He does not raise any arguments about the proposed appraisers or form of notice. Plaintiff Securities and Exchange Commission is unopposed to the motion.

## II.    APPLICABLE LAW.

Generally, "[t]he district court has broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). This includes the power to permit a Receiver to sell property where appropriate to protect the receivership estate. *Id.*; *see also* Doc. Nos. 10, 78. Sale of real property held by a receiver is permitted by 28 U.S.C. § 2001.

Under § 2001(a), sales must generally be made by public auction. Alternatively, the court may authorize a private sale if, after a hearing followed by notice to all interested parties, the court finds that the best interests of the estate will be conserved by a private sale. *Id*. § 2001(b).

> Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property . . . . No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

*Id*. This section applies to all sales except those in bankruptcy cases, or those involving receivers appointed by the Comptroller of the Currency. *Id*. § 2001(c).

The Former Fifth Circuit held that these requirements "are, by the express terms of the statute, made conditions precedent to a valid sale." *Acadia Land Co. v. Horuff*, 110 F.2d 354, 354-55 (5th Cir. 1940). A sale made without compliance to these requirements is "void." *Id*. at 355 & n.1.

**III.    APPLICATION.**

Inasmuch as the Isleworth home has been included in the receivership estate, it is appropriate to permit the Receiver to retain the designated appraisers and to publish notice of the proposed sale, as set out in the motion. Therefore, Anthony Pudwill, Natalie J. Pausch, and E. Austin Jones are appointed as appraisers pursuant to 28 U.S.C. § 2001. After receipt of the appraisal reports, the Receiver may publish notice in the form and manner proposed.

Kirkland previously has been ordered to allow the home to be shown for inspection and to prospective buyers on reasonable notice. Doc. Nos. 152. Also, at a hearing held before me on April 4, 2007, I advised Kirkland that he should make his home available for inspection on reasonable notice.[1] Because the Isleworth home is already part of the receivership estate, Kirkland has been permitted to reside in the home only by leave of Court. Thus, there is no untoward infringement on Kirkland's right to privacy by requiring that he make the home available for view by the appraisers and inspectors in conjunction with performance of tasks authorized by the Court.

---

[1] The Receiver's Motion for Order to Show Cause Why Patrick Kirkland Should Not Be Held in Contempt of this Court's July 28, 2006 Order, doc. no. 255, is currently pending before the Court. At the hearing on April 4, 2007, I advised Kirkland that I would withhold ruling on the motion, but that if the Receiver advised the Court that Kirkland was not cooperating, an order to show cause may be entered. The Receiver "has not been advised of any instances when Mr. Kirkland has failed to cooperate with the showing of him home. Mr. Kirkland has, however, refused, and stated he will continue to refuse to allow access to his home by inspectors or appraisers." Doc. No. 289 at 3-4.

The issues Kirkland raises about the legal authority for the Court to permit the Receiver to sell the Isleworth home are more appropriately presented at a § 2001 hearing for approval of the sale of the property. Accordingly, Kirkland may assert those issues in a memorandum of law filed before the hearing to approve the sale.

If the Receiver encounters any difficulty in scheduling the time for the appraisers and inspector to view the Isleworth home, she shall promptly contact the Court to schedule a hearing at which I will establish the time for the appraisers and inspectors to view the home. Kirkland is cautioned that the motion to hold him in contempt of Court for impeding access to the Isleworth home is pending, and that failure to cooperate in allowing the inspector and appraiser access to the Isleworth home pursuant to this order will be considered in ruling on the pending motion.

The presiding district judge will schedule the § 2001 hearing by separate notice.

**DONE** and **ORDERED** in Orlando, Florida on June 8, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties