# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

                **Plaintiff,**

-vs-                                        **Case No.  6:06-cv-183-Orl-28KRS**

**PATRICK KIRKLAND, TROPICAL VILLAGE, INC., CLARITY DEVELOPMENT CORPORATION, and SENIOR ADULT LIVING CORPORATION,**

                **Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL VENTURES, INC., PELICAN BAY CLUB, INC., and ISLEWORTH ADULT COMMUNITY, INC.,**

                **Relief Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:**     **RECEIVER AND SECURITIES AND EXCHANGE COMMISSION'S JOINT MOTION FOR AN ORDER TO SHOW CAUSE WHY PATRICK KIRKLAND SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE ASSET FREEZE AGAINST HIM (Doc. No. 256)**
>
> **FILED:**       April 5, 2007

Plaintiff Securities and Exchange Commission (SEC) and the Court-appointed Receiver move for an order directing Defendant Patrick Kirkland to show cause why he should not be held in contempt for violating a preliminary injunction entered against him. Kirkland has responded. Doc. No. 261. Additionally, at a hearing held April 18, 2007, I heard argument from all parties on the matter.

## I.        PROCEDURAL HISTORY.

On February 16, 2006, the SEC filed a complaint against Kirkland and various entities controlled by Kirkland. The complaint alleged that Kirkland, through the various entities, violated the securities laws by selling unregistered securities, and committed fraud. Doc. No. 1. The SEC filed an *ex parte* motion for a temporary restraining order (TRO), doc. no. 3, which was granted, doc. no. 9.

The SEC also moved for the appointment of a receiver for Defendants Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay, Inc., and Isleworth Adult Community, Inc. (the receivership entities). Doc. No. 6. The same day, this Court appointed Judith M. Mercier, Esq., as the receiver for the receivership entities. Doc. No. 10. The Order Appointing Receiver provides that "[i]n the event that the Receiver discovers that funds of persons who have invested in the Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds." *Id.* at 8.

After a hearing held February 24, 2006, the Court entered a Preliminary Injunction against Kirkland, doc. no. 30, and the receivership entities, doc. no. 29. Among other things, the Preliminary Injunction against Kirkland imposed an asset freeze. Doc. No. 30 at 6. The asset freeze provides, in relevant part, as follows:

> [P]ending resolution of this case on the merits, Kirkland [and any agents] are[] restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property owned by, controlled by, held for the benefit of, Kirkland, or in the possession of, including, but not limited to, cash, free credit balances, fully paid for securities, and/or property pledged or hypothecated as collateral for loans.

*Id*.

On July 18, 2006, Defendant Patrick Kirkland filed a Notice of Appeal. Doc. No. 137. In the notice, Kirkland appeals the Court's Omnibus Order of June 29, 2006, doc. no. 134, which denied his motion, doc. no. 86, to modify the preliminary injunction and asset freeze, doc. no. 30. He also appealed as inextricably intertwined the Court's Temporary Restraining Order, doc. no. 9, the Order Appointing Receiver, doc. no. 10, and other orders. This interlocutory appeal was dismissed on May 8, 2007, by the United States Court of Appeals for the Eleventh Circuit. Doc. No. 285.

## II. BACKGROUND RELATED TO THE PRESENT MOTION.

The Receiver identified two checks issued by Ohio Savings Bank to Kirkland as refunds on two loans that she believed should be included in the receivership. *See* Doc. No. 113 & Doc. No. 113-7 (images of checks). Accordingly, on May 31, 2006, she moved that the receivership be expanded to include the two checks. Doc. No. 113. In support of that motion, the Receiver submitted evidence that tended to show that the real property used as collateral for the loans was

titled in receivership entities, and that other receivership entities made the mortgage payments on the loans. Doc. No. 113-8. On June 19, 2006, Kirkland responded to the motion, and argued, among other things, that there was no need for the checks to be brought into the receivership because they were already subject to the asset freeze. Doc. No. 124. In particular, Kirkland argued as follows:

> The Receiver offers no evidence of any attempt by Kirkland to dispose of or otherwise deplete any assets subject to the Preliminary Injunction Order. In considering the appropriateness of the proposed actions of a receiver, courts examine several factors, including the "imminent danger that property will be lost or squandered." *Consolidated Rail Corp. v. Fore River Railway. Co.*, 861 F.2d 322, 326-27 (1st Cir. 1988). As Kirkland would be subject to civil contempt if he violated the Preliminary Injunction Order, the assets are not in any imminent danger of being improperly dissipated. Thus, there is no reason to dispose of Mr. Kirkland's property or negotiate the checks. The request appears on its face to be punitive and not calculated to improve the situation at all.

*Id*. at 15.

After a hearing held July 28, 2006, I entered a Report recommending that the Court find that the refunds issued on those loans were owed to receivership entities. Doc. No. 158. I further recommended that the receivership be expanded to include the refund checks. *Id*. On September 12, 2006, the Court adopted the Report and Recommendation, and ordered that the receivership be expanded to include the two refund checks. Doc. No. 164. The Court authorized the Receiver to negotiate the checks and hold the proceeds in an interest bearing account pending resolution of Kirkland's interlocutory appeal. *Id*.

The SEC and Receiver now state that when the Receiver contacted Ohio Savings Bank regarding the two checks, she was informed that "Kirkland or someone on his behalf contacted Ohio Savings Bank and requested that the bank issue stop payments on the Refund Checks and

mail replacement checks to Kirkland's home address.  Without notifying the Receiver, the bank did so on May 31, 2006, and subsequently mailed replacement checks directly to Kirkland." Doc. No. 256.[1]  Kirkland then negotiated one of the two refund checks in favor of his girlfriend, and personally endorsed and cashed the other.  *Id*. at 5.

In his response to the present motion, Kirkland concedes that he cashed the checks on June 13, 2006, and June 27, 2006.  Doc. No. 261 at 2.  "At the time the checks were cashed, I had no food to eat or money for basic living expenses, such as gas or utilities."  *Id*.  He reiterated these statements at the hearing held April 18, 2007.

### III.  STANDARD OF REVIEW.

"A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order.  Once a prima facie showing of violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure to comply on the grounds that he was unable to comply.  The burden shifts back to the initiating party only upon a showing by the alleged contemnor."  *Comm. Futures Trading Comm. v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (internal citations omitted); *see also McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) ("[A] civil contempt order may be upheld only if the proof of the defendant's contempt is clear and convincing.").

"This clear and convincing proof must . . . demonstrate that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged

---

[1] The movants indicated that copies of the two replacement checks were attached as exhibits, doc. no. 256 at 5, but there are no exhibits to the present motion.

violator had the ability to comply with the order." *McGregor*, 206 F.3d at 1383 (quoting *Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988) (per curiam)). "In order to succeed on the inability defense, the alleged contemnor must go beyond a mere assertion of inability and establish that he has made in good faith all reasonable efforts to meet the terms of the court order he is seeking to avoid." *Wellington*, 950 F.2d at 1529 (internal quotations and citations omitted).

"[T]he focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990); *see also Doe ex rel. Doe v. Bush*, 261 F.3d 1037, 1047 (11th Cir. 2001).

## IV.   ANALYSIS.

Based on the facts as conceded by Kirkland, after the asset freeze was imposed, and before the Receiver moved for the two refund checks to be included in the receivership, Kirkland or someone on his behalf contacted the issuing bank and requested replacement checks. He then cashed those checks to pay for living expenses. After one of the checks was cashed, he filed a response to the Receiver's motion in which he indicated that the checks were frozen and that he could not, subject to a contempt finding, negotiate them. He then cashed the other check. Both checks had been cashed before the hearing before me on July 28, 2006.

Based on his response to the Receiver's motion to include the checks in the receivership, it is clear that Kirkland viewed the refund checks as subject to the asset freeze. This concedes that the asset freeze was "clear, definite and unambiguous." By cashing checks that he knew were subject to the asset freeze, Kirkland violated a Court order.

Furthermore, by arguing that "the assets are not in any imminent danger of being improperly dissipated[;] [t]hus, there is no reason to dispose of Mr. Kirkland's property or negotiate the checks," doc. no. 124 at 15, Kirkland realized that he could have complied with the asset freeze by not cashing the checks. Indeed, his defense was that he would not cash the checks, so there was no problem if he kept them.

The last factor is whether the order was "valid and lawful." Courts have routinely upheld asset freezes in preliminary injunctions. *See, e.g.*, *SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734-45 (11th Cir. 2005) (holding that freezing assets is a well accepted equitable remedy employed to "preserve the status quo" and is proper in actions arising under the Securities Act); *SEC v. Lauer*, 445 F. Supp. 2d 1362, 1367 (S.D. Fla. 2006). Furthermore, courts have punished violations of asset freezes by contempt. *Cf. Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1993-94 (11th Cir. 1995) (upholding contempt finding against attorney who violated arguably defective asset freeze). Therefore, the asset freeze is a valid and lawful order.

Kirkland contends, principally, that he needed the money to pay for living expenses for himself and his family. This is an equitable argument that the Court could have considered on a motion for relief from the asset freeze. As the Eleventh Circuit noted in its decision dismissing the interlocutory appeal, Kirkland also could have challenged the asset freeze by filing a response to the motion for preliminary injunction, a motion for reconsideration, or a timely appeal. *See* Doc. No. 285 at 6. Alternatively, if Kirkland needed specific relief from the asset freeze at any time, he could, and should, have filed a motion seeking that relief. He did not.

Based on the foregoing, I recommend that the Court order Kirkland to show cause why he should not be held in contempt.

## V. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Receiver and Securities and Exchange Commission's Joint Motion for an Order to Show Cause Why Patrick Kirkland Should Not Be Held In Contempt for Violating the Asset Freeze Against Him, doc. no. 256, be **GRANTED in part**, and that the Court order Kirkland to show cause why he should not be held in contempt and sanctioned accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 27, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy