**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:06-cv-183-Orl-28KRS**

**PATRICK KIRKLAND, TROPICAL VILLAGE, INC., CLARITY DEVELOPMENT CORPORATION, and SENIOR ADULT LIVING CORPORATION,**

        **Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL VENTURES, INC., PELICAN BAY CLUB, INC., and ISLEWORTH ADULT COMMUNITY, INC.,**

        **Relief Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the Notice of Filing Receiver's Renewed Consent to Judgment of Permanent Injunction and Other Relief, which the Court treats as a motion. Doc. No. 361.

**I.     INTRODUCTION.**

On February 16, 2006, the SEC filed a complaint against Kirkland and various entities controlled by Kirkland. The complaint alleged that Kirkland, through the various entities, violated

federal securities laws by selling unregistered securities and committed fraud. Doc. No. 1. The SEC also moved for the appointment of a receiver for Defendants Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation, and Relief Defendants Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay Club, Inc., and Isleworth Adult Community, Inc. (collectively, the receivership entities). Doc. No. 6.

The same day, this Court appointed Judith M. Mercier, Esq., as the receiver for the receivership entities. The order provides that the Receiver may take possession of and administer the property, assets, and estates of the receivership entities; "[d]efend, compromise or settle legal actions, including the instant proceeding, in which the Defendants, Relief Defendants, or the Receiver is a party, commenced either prior to or subsequent to this Order . . . ."; among other things. Doc. No. 10 ¶ 6.

Pursuant to her authority under the Order Appointing Receiver, the Receiver executed a consent on behalf of Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation (collectively "the corporate defendants"). Doc. No. 361-2 (the "Consent"). Pursuant to the Consent, the corporate defendants acknowledge service of the complaint and admit both personal and subject matter jurisdiction. *Id*. ¶ 1. Also, "without admitting or denying the allegations of the Complaint . . . [the corporate defendants] consent to the entry of the Judgment of Permanent Injunction and Other Relief . . . in the form annexed hereto . . . ." *Id*. ¶ 2. The judgment of permanent injunction permanently restrains and enjoins the corporate defendants from violating specified provisions of federal securities laws. It further provides that the SEC is dismissing its claims for disgorgement, prejudgment interest and civil penalties against the corporate defendants and the relief defendants. Doc. No. 361-3.

## II. ANALYSIS.

"As a general rule a receiver, standing in the shoes of management, holds the sole right – absent some sort of shareholder derivative action – to direct the litigation of the corporation with whose care he is entrusted." *S.E.C. v. Spence & Green Chem. Co.*, 612 F.2d 896, 903 (5th Cir. 1980). Furthermore, the Order Appointing Receiver in this case expressly permits the Receiver to defend, compromise or settle legal actions, including the instant proceeding. Doc. No. 10. Therefore, the Receiver has the authority to settle this action insofar as it relates to the corporate defendants, unless there is some other reason to refuse to approve the settlement.

The SEC "is entitled to injunctive relief when it establishes (1) a prima facie case of previous violations of the federal securities laws and (2) a reasonable likelihood that the wrong will be repeated." *S.E.C. v. Gane*, No. 03-61553-CIV-SEITZ, 2005 WL 90154 (S.D. Fla., Jan. 4, 2005)(citing *S.E.C. v. Calvo*, 378 F.3d 1211, 1216 (11th Cir. 2004)). The presiding district judge has reviewed the evidence in the case in connection with the summary judgment motions pertaining to the causes of action against Defendant Kirkland. Doc. No. 339. This evidence is sufficient to support entry of an injunction against the corporate defendants.

## III. RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Notice of Filing Receiver's Renewed Consent to Judgment of Permanent Injunction and Other Relief, which is treated as a motion, doc. no. 361, be **GRANTED**. I further recommend that the Court issue the proposed Judgment of Permanent Injunction and Other Relief as to Defendant Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation. Doc. No. 361-3.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 20, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy