# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

               **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-183-Orl-28KRS**

**PATRICK KIRKLAND, TROPICAL VILLAGE, INC., CLARITY DEVELOPMENT CORPORATION, and SENIOR ADULT LIVING CORPORATION,**

               **Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL VENTURES, INC., PELICAN BAY CLUB, INC., and ISLEWORTH ADULT COMMUNITY, INC.,**

               **Relief Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:** RENEWED INITIAL APPLICATION FOR APPROVAL OF FEES AND COSTS OF RECEIVER'S LEGAL COUNSEL (Doc. No. 353)
>
> **FILED:** September 28, 2007
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.[1]

---

[1] The remaining portion of the motion will be addressed in one or more separate reports and recommendations.

Receiver Judith M. Mercier moves this Court for the entry of an order authorizing the payment of reasonable attorneys' fees and expenses to Holland & Knight LLP, McGrigors LLP ("McGrigors") and Maclay, Murray & Spens LLP ("Maclay") in their capacities as her legal counsel. This Report and Recommendation is limited to the fees requested for McGrigors and Maclay.

**I.      PROCEDURAL HISTORY.**

On February 16, 2006, the SEC filed a complaint seeking injunctive relief, disgorgement, and penalties for alleged violations of the securities laws against Patrick Kirkland, and various entities controlled by Kirkland.  Doc. No. 1.  On the same day, the SEC filed emergency motions requesting the imposition of a temporary restraining order and the appointment of a receiver.  Doc. Nos. 3, 6. The Court granted both motions, and appointed Judith M. Mercier as Receiver based on the recommendation of the SEC.  Doc. Nos. 9, 10.

The Receiver took possession of the books and records of the receivership entities.  On April 22, 2006, the Receiver filed a Motion to Expand Receivership to Specific Property and Authorize Sale of Said Property.  Doc. No. 42.  One of the properties identified in the motion was located in Dollarbeg, Scotland consisting of a house and adjacent grounds known as the "Coachman's House," along with the furnishings and other personal property located on the property. Doc. No. 42 at 3. The Court granted the motion on April 13, 2006.  Doc. No. 78.

The Receiver thereafter retained McGrigors, a Scottish law firm, who rendered services from May 17, 2006, to September 25, 2006.  Doc. No. 351-30.  McGrigors provided advice regarding enforcement of foreign judgments in Scotland, prepared power of attorney forms, obtained photographs of the Coachman's House property, provided information regarding the property's value, and prepared an opinion letters for the purposes of the proceedings in this case.  *Id*.

The Receiver also retained Maclay, another Scottish law firm, who rendered services from May 26, 2006, to July 11, 2006. Doc. No. 351-31. Maclay also advised the Receiver regarding the enforceability of the Court's order in this action in the Scottish courts, researched the use of powers of attorney, and made unspecified inquiries to the Residential Property Department. *Id*.

The Court has granted the SEC's motion for summary judgment, ruling that Kirkland violated the Securities Act of 1933, permanently enjoining Kirkland and others associated with him from further violations of the Act, and ordering Kirkland to disgorge all ill-gotten profits or proceeds received from the investing public. Doc. No. 339 at 40-41. The SEC's Motion for a Final Judgment Ordering Disgorgement, Prejudgment Interest, and a Civil Penalty requests that Kirkland be ordered to pay (1) disgorgement of his ill-gotten gains of $7,955,320.25, (2) prejudgment interest on disgorgement of $1,153,692.22, and (3) a civil money penalty of $250,000, for a total of $9,359,012.47. Doc. No. 390 at 1. As of the writing of this report, the Court has not yet ruled on the SEC's motion. The receivership estate presently consists of $3,274,500 in cash, and other unliquidated assets of approximately $3 million in value. Doc. No. 353 at 7.

In the present motion, the Receiver moves, among other things, for authorization to pay the fees and expenses of the attorneys who assisted her with regards to the Coachman's House. In support of this portion of the motion, the Receiver filed the following documents:

- Declaration of Judith M. Mercier, doc no. 351, with the following attachments:
  - Invoice of McGrigors, doc. no. 351-30;
  - Invoice of Maclay, doc. no. 351-31;
- Declaration of Andrew M. Brumby, doc. no. 349.

The SEC has not filed any response to the motion, but it informed the Receiver that it has no objection to the requested relief. Doc. No. 353 at 1. Although Kirkland objected to the motion when contacted by the Receiver, he has filed no response. Intervenor Banco Popular North America ("BPNA") filed its combined response to this motion and the motion to compensate the Receiver and her accountants. Doc. No. 379. The Court has allowed BPNA to intervene for the limited purpose of protecting its interests on matters relating to a particular construction project. Doc. No. 402. BPNA objects to the payment of any of the professionals until the Receiver's obligations with respect to that project are fulfilled. Doc. No. 379.

## II. APPLICABLE LAW.

The order of appointment provides that the Receiver is authorized to "employ legal counsel, actuaries, accountants, clerks, consultants, and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses," with the Court's approval. Doc. No. 10 at 4. In determining a reasonable fee for a receiver and her attorneys, "[a] basic consideration is the nature and complexity of the legal problems confronted and the skill necessary to resolve them." *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465, 485 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975) (hereinafter "*Moody*"). "Although time is a material factor, the difficulty of the job, the expertise necessary to accomplish it, and the results achieved are more significant here." *Id.* at 486.

Many courts begin the analysis with the lodestar approach, which is based on the reasonable hourly rate in the relevant market of the professionals for whom fees are sought and the reasonable number of hours expended. *See, e.g., FTC v. Peoples Credit First, LLC,* No. 8:03cv2353T17TBM, 2005 WL 3981599, at * 3 (M.D. Fla. April 19, 2006)(citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also SEC v. Goren*, 272 F. Supp. 2d 202, 207 (E.D.N.Y.

2003). Claims for professional services must be supported by evidence that the hourly rate is reasonable and commensurate with rates paid for similar services, and that the time expended was reasonable. *See Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Similarly, requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the estate. *See Peoples Credit First, LLC*, 2005 WL 3981599, at * 5; *see also In re Southeast Banking Corp.*, 314 B.R. 250, 271 (S.D. Fla. 2004). Expenses should be limited to the actual out-of-pocket costs, sans profit, and should not include overhead expenses such as secretarial overtime, mileage and the like. *See Peoples Credit First, LLC*, 2005 WL 3981599, at *5 n.12; *cf. Lang v. Reedy Creek Improvement Dist.*, No. 94-cv-693-Orl-19, 1997 WL 809200 (M.D. Fla. Dec. 23, 1997)(finding in a civil rights case that the prevailing party was entitled to its expenses, sans profit).

**III.     ANALYSIS.**

The invoices submitted by McGrigors and Maclay provide only a general description of the work performed and a total amount due. They do not indicate the amount of time expended on the work, or identify the skill and experience of the individuals within each firm who performed the work. The Receiver has submitted no information regarding reasonable rates for Scottish solicitors. The Court, therefore, has not been provided with sufficient information to conduct a lodestar analysis.[2]

I note that Jim Cormack, a solicitor and partner at McGrigors, prepared a memorandum that was filed with the Court regarding methods for enforcing this Court's orders. Doc. No. 179-5. The memorandum is detailed and appears to be consistent with the work product of a skilled and

---

[2] Although Brumby opines that the fees sought by the Scottish firms are reasonable, doc. no. 349-2 at 18, his declaration establishes no foundation for his opinion.

experienced lawyer. The Court required Cormack to perform additional work to ensure that a proposed power of attorney conformed to the requirements of Scots law, and Cormack complied with that instructions. Doc. No. 240 at 2. Doc. No. 270.

The retention of Scottish solicitors was reasonable to advise the Receiver regarding the requirements of Scots law concerning the Court's order to sell the Coachman's House. McGrigors seeks fees of £3,544, plus £85.94 in expenses, estimated to be approximately $7,309.61. Doc. No. 353 at 11; Doc. No. 351-30. Maclay seeks fees of £500, plus VAT of £87.50, estimated to be approximately $1,182. Doc. No. 353 at 11; Doc. No. 351-30.

As these fees are relatively small and the firms provided value to the receivership estate, requiring further briefing to establish a lodestar would, undoubtedly, unreasonably increase this portion of the fee request. Accordingly, I recommend that the Court approve payment of the fees from the receivership estate. However, should either law firm seek further reimbursement from the receivership estate, the Receiver shall provide the information necessary for the Court to conduct a proper lodestar analysis.

## IV.   RECOMMENDATION.

For the reasons set forth in the foregoing report, I respectfully recommend the following:

1. The Court authorize the Receiver to disburse £3,544 in professional fees and £85.94 in expenses from the receivership estate to McGrigors LLP; and,

      2.      The Court authorize the Receiver to disburse £500 in professional fees and £87.50 for VAT from the receivership estate to Maclay, Murray & Spens.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 29, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy