# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

-vs-                                      **Case No. 6:06-cv-183-Orl-28KRS**

**PATRICK KIRKLAND, TROPICAL VILLAGE, INC., CLARITY DEVELOPMENT CORPORATION, and SENIOR ADULT LIVING CORPORATION,**

        **Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL VENTURES, INC., PELICAN BAY CLUB, INC., and ISLEWORTH ADULT COMMUNITY, INC.,**

        **Relief Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **RECEIVER'S MOTION TO AUTHORIZE SETTLEMENT OF PAYMENT OF FEDERAL TAX LIEN FROM PROCEEDS OF SALE OF ALPHARETTA HOME AND DISBURSE REMAINING FUNDS (Doc. No. 397)**
>
> **FILED:** **January 15, 2008**

**I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.**

On February 16, 2006, the Securities and Exchange Commission ("SEC") filed this complaint seeking injunctive relief, disgorgement, and penalties for alleged violations of the securities laws against Patrick Kirkland, Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation (collectively "Defendants"). Other entities owned or controlled by Kirkland were named as Relief Defendants: Sunset Bay Club, Inc. Summerhill Ventures, Inc., Pelican Bay Club, Inc., and Isleworth Adult Community, Inc.  The Court subsequently appointed Judith M. Mercier as Receiver and empowered her to take possession of the assets of Defendants and the Relief Defendants, exclusive of the assets of Kirkland.  Doc. No. 10 ¶ 12.

On March 22, 2006, the Receiver moved to expand the receivership and to authorize sale of property. Doc. No. 42. On March 28, 2006, the Receiver filed an amended supplement in support of the motion to expand the receivership. Doc. No. 55. The amended supplement alleged that Kirkland used funds from the Defendants or Relief Defendants to purchase a single family residence located at 4900 CandaCraig Ln., Alpharetta, Georgia ("the Alpharetta home"). On April 28, 2006, the Receiver filed a memorandum in support of an order to expand the receivership estate to include the Alpharetta home.  Doc. No. 85.  On May 22, 2006, the Court ruled on the Receiver's Motion to Expand Receivership to Specific Property and Authorize Sale of Said Property, holding that Kirkland's interest in the Alpharetta Home would be included in the receivership estate. See Tr. of Hearing on May 22, 2006, at 32.

On September 1, 2006, the Internal Revenue Service ("IRS") filed and recorded in Fulton County, Georgia a Notice of Federal Tax Lien against Patrick Kirkland in the amount of $695,812.92 ("the tax lien"). On January 9, 2007, the Receiver filed an emergency motion to authorize the sale of

the Alpharetta home free and clear of the tax lien. Doc. No. 212. The Court granted the motion to sell the Alpharetta home free and clear of the tax lien, but ordered that the proceeds representing Kirkland's interest in the home were to be held in escrow and no further disbursements were to be made until further order of the Court. Doc. No. 216.

After briefing by the IRS and the Receiver, the Court determined that the IRS had a valid tax lien and that the proceeds of the sale of the Alpharetta home that represented Kirkland's interest were to be deposited into the receivership estate, subject to the tax lien. Doc. No. 222. Kirkland's interest in the proceeds of the sale of the Alpharetta home was $297,325.72. Doc. No. 397 ¶ 12. The Receiver has negotiated a discount of the tax lien as it relates to Kirkland's interest. The IRS has agreed to accept $28,454.00 in satisfaction of the tax lien. *See* Doc. No. 397-2.

The Receiver requests authorization to pay the negotiated settlement to the IRS and to pay the balance into the receivership estate. When contacted about this motion, Kirkland stated he was opposed to it, but he has not filed any written response. The SEC and IRS agree to the motion.

**II.   ANALYSIS.**

In addressing the validity of the tax lien, the Court determined that the recording of the lien perfected the IRS's interest and gave the United States priority over the Receiver and any purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors with respect to claims for payment from the proceeds of the Alpharetta home. Doc. 222 at 4-5 (citing 26 U.S.C. § 6323). The Receiver has not informed the Court of any lienholders or other persons who would be entitled to priority in payment over the IRS pursuant to the standards set forth in *Litton Indus. Automation Sys., Inc. v. Nationwide Power Corp.*, 106 F.3d 366 (11th Cir. 1997). Therefore, I assume for purposes of this Report and Recommendation that no such person or entity exists.

As the United States stands first in priority for the payment of the tax lien, and because Kirkland's interest in the sale of the Alpharetta home is sufficient to discharge the lien as negotiated, the agreed amount to settle the tax lien should be paid. The Court should, however, direct the Receiver to obtain a formal release or satisfaction of the tax lien in exchange for the agreed payment.

### III. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Receiver's Motion to Authorize Settlement Payment of Federal Tax Lien from Proceeds of Sale of Alpharetta Home and Disburse Remaining Funds. I **FURTHER RECOMMEND** that the Court direct the Receiver to pay the amount of $28,454.00 to the U.S. Treasury in settlement of the tax lien and to send the payment by overnight mail to the addressee named in the motion, and direct the IRS to provide a formal release or satisfaction of the tax lien in return for this payment. I **FURTHER RECOMMEND** that the Court direct the Receiver to transfer the remaining proceeds of Kirkland's interest in the sale of the Alpharetta home (approximately $268,871.72 plus interest) from the escrow account to the account of the receivership estate after she receives the release or satisfaction of the lien from the IRS.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 12, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy