# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-vs-                                           Case No.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                Relief Defendants.

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** GRANT THORNTON LLP'S MOTION FOR RECONSIDERATION OF REPORT AND RECOMMENDATION TO RESOLVE MATHEMATICAL ERROR AND REQUEST TO INTRODUCE FURTHER EVIDENCE (Doc. No. 429)
>
> **FILED:** February 29, 2008
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

I issued a Report and Recommendation on February 11, 2008, regarding the Renewed Initial Application for Approval of Fees and Costs of Receiver's Accountants ("Renewed Application"), doc. no. 352. I recommended, among other things, that the Court authorize the Receiver to disburse $222,641.25 in professional fees and $2,983.12 in expenses to Grant Thornton LLP ("Grant Thornton"), an accounting firm that performed services for the Receiver. Doc. No. 413. Grant Thornton now asks that I reconsider that Report and Recommendation due to a mathematical error in the computation of the professional fees to be paid. It asks, as well, that I consider additional evidence regarding the reasonable hourly rates for the work performed. I will address each basis for reconsideration in turn.

### A.     Reconsideration to Correct Computational Error.

Federal Rule of Civil Procedure 60 sets forth the bases for a party to obtain relief from a judgment or order. Grounds for relief include correction of clerical mistakes or other mistakes. Fed. R. Civ. P. 60(a), (b)(1).

Grant Thornton is correct that my earlier Report and Recommendation contained a mathematical error in the computation of the professional fees to be awarded. The correct figure based on my analysis of the reasonable hourly rates and reasonable number of hours is $251,892.25. I will amend the report and recommendation to correct this error.

### B.     Reconsideration to Introduce Additional Evidence.

Reconsideration also may be appropriate where there is new evidence that could not have been discovered previously with reasonable diligence. Fed. R. Civ. P. 60(b)(2). The United States Court

of Appeals for the Eleventh Circuit has ruled that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). A district court does not abuse its discretion to deny reconsideration based on evidence that was available to the party, but the party failed to collect it or produce it. *See Bernstein v. Boies, Schiller & Flexner LLP*, 236 Fed. Appx. 564, 571 (11th Cir. 2007).

In its motion for reconsideration, Grant Thornton asks that I consider the following documents not previously presented to the Court:

- Affidavit of R. Douglas Gawrych, doc. no. 429-7;

- Biographies of Grant Thornton employees Sandra D. Williams, Jordan I. Lechner, Thomas de Araujo, Christian Fonseca, Cinthya Tarud, doc. no. 429-3;

- Summary of fees requested by KPMG LLP in the case styled *In re: Winn-Dixie Stores, Inc.*, Case No. 3:05-bk-3817-JAF (the "*Winn-Dixie* case"), filed on November 22, 2006, doc. no. 429-4;[1]

- Summary of fees requested by Pricewaterhouse Coopers LLP in the *Winn-Dixie* case, filed on November 22, 2006, doc. no. 429-5;[2]

---

[1] Filed in the *Winn-Dixie* case as "Application for Compensation of Fees and Reimbursement of Expenses on behalf of KPMG LLP for Winn-Dixie Stores, Inc, Accountant, Fee: $2,980,025.64, Expenses: $38,491.09. For the period: June 1, 2006 through September 30, 2006." Case No. 3:05-bk-3817-JAF, Doc. No. 12778. The court approved the application in full. *Id*. at Doc. No. 13094.

[2] Filed in the *Winn-Dixie* case as "Fifth Application for Compensation of Fees and Reimbursement of Expenses on behalf of PricewaterhouseCoopers LLP for Winn-Dixie Stores, Inc., Other Professional, Fee: $236,361.50, Expenses: $29,251.33. For the period: June 1, 2006 through September 30, 2006." Case No. 3:05-bk-3817-JAF, Doc. No. 12773. The court approved the application in full. *Id*. at Doc. No. 13095.

- Summary of fees requested by Deloitte & Touche LLP in the *Winn-Dixie* case, filed on November 7, 2006, doc. no. 429-4.[3]

Grant Thornton makes no showing why the documents it now seeks to submit were not presented at the time the Renewed Application was filed on September 28, 2007. Doc. No. 352. The documents filed in the *Winn-Dixie* case were matters of public record months before the Renewed Application was filed. Grant Thornton could also have submitted with the Renewed Application biographies of its accountants and the affidavit of Gawrych, who has been a partner with Grant Thornton since June 1, 2002, doc. no. 429-7 ¶ 2. Thus, it is apparent that all of the evidence Grant Thornton now seeks to submit was available at the time the Renewed Application was filed.

On November 2, 2006, when I denied the first application to pay Grant Thornton's fees and costs, I expressly advised Grant Thornton and the Receiver that they must be "cognizant of the evidentiary requirements necessary to support a motion for award of professional fees," and that any renewed motion must be supported by sufficient evidence regarding the accountants' backgrounds, experience, and customary billing rates. Doc. No. 197 at 2. Grant Thornton had ample notice and opportunity to submit its evidence in support of its Renewed Application but it did not do so.

Given that Grant Thornton could have submitted the evidence at the time the motion was originally filed, and in the interests of judicial economy, I decline to reconsider my prior Report and

---

[3] Filed in Winn-Dixie case as "Notice of Filing Final Report of the Review and Analysis Prepared by Stuart Maue, Fee Examiner, of the Second Interim Fee Application of Deloitte and Touche LLP, for Period from February 1, 2006, Through and Including May 31, 2006." Case No. 3:05-bk-3817-JAF, Doc. No. 12419. At the time of this writing, it does not appear that the bankruptcy court has acted on this filing.

Recommendation based on this additional evidence. This does not preclude Grant Thornton from presenting the additional evidence in support of any future requests for professional fees.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge and Courtroom Deputy Clerk
Counsel of Record
Unrepresented Parties