# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

          **Plaintiff,**

**-vs-**                                               Case No. 6:06-cv-183-Orl-28KRS

**PATRICK KIRKLAND, TROPICAL VILLAGE, INC., CLARITY DEVELOPMENT CORPORATION, and SENIOR ADULT LIVING CORPORATION,**

          **Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL VENTURES, INC., PELICAN BAY CLUB, INC., and ISLEWORTH ADULT COMMUNITY, INC.,**

          **Relief Defendants.**

___

## ORDER AMENDING REPORT AND RECOMMENDATION

For the reasons set forth in my Order on Grant Thornton LLP's Motion for Reconsideration of Report and Recommendation to Resolve Mathematical Error and Request to Introduce Further Evidence ("Motion for Reconsideration), it is **ORDERED** that the computation of professional fees to be awarded to Grant Thornton as set forth in my Report and Recommendation, doc. no. 413, is amended from $222,641.25 to $251,892.25.

I further recommend that the Court not consider the additional evidence presented by Grant Thornton in support of its motion for reconsideration when reviewing my Report and

Recommendation, doc. no. 413. In *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997), the Eleventh Circuit held that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."

In *Freeman v. County of Bexar*, 142 F.3d 848 (5th Cir. 1998), the United States Court of Appeals for the Fifth Circuit discussed whether and when a district court should consider evidence not previously submitted to the magistrate judge. In *Freeman*, the court emphasized that the district judge must review *de novo* the evidence that was submitted to the magistrate judge, but in deciding whether to consider additional evidence "the district court should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge." *Id*. at 852. The court stated that "the best description of the district court's discretion is that it should be at least as broad as that conferred on the district court to determine motions for reconsideration of its own rulings." *Id*. To provide courts with additional guidance in balancing the competing interests of bringing litigation to an end and rendering just decisions on the basis of all the facts, the court listed several factors that should be considered: (1) the reason for the moving party's failure to submit the evidence initially; (2) the importance of the omitted evidence to the moving party; (3) whether the evidence was available to the nonmovant before it responded to the original motion; and (4) any prejudice to the nonmoving party. *Id*. at 853.

As discussed in my Order on the Motion for Reconsideration, all of the evidence that Grant Thornton wishes the Court to consider was available at the time it filed its Renewed Initial Application for Approval of Fees and Costs of Receiver's Accountants ("Renewed Application"). Grant Thornton

was expressly warned before it filed the Renewed Application that any renewed motion for professional fees must be supported by evidence regarding the accountants' backgrounds, experience, and customary billing rates. Doc. No. 197 at 2. Grant Thornton presented no explanation for its failure to provide the evidence initially in support of the Renewed Application. Furthermore, the evidence may be submitted in support of future requests for professional fees, at which time the Court can adjust the reasonable hourly rates as appropriate. Considering the limited assets of the receivership estate and the notice to Grant Thornton of its obligation to provide specific information in support of its applications for fees, I recommend that the Court determine that consideration of the available but previously unsubmitted information is not warranted.

It is further **ORDERED** that Grant Thornton may file an objection to the Report and Recommendation, as amended, within ten days from the date of this Order Amending Report and Recommendation. Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge and Courtroom Deputy Clerk
Counsel of Record
Unrepresented Parties