UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

        vs.                           CASE NO.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING CORPORATION,

    Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY, INC.

    Relief Defendants.

_____/

## ORDER GRANTING RECEIVER'S SECOND MOTION
## TO AUTHORIZE SALE OF KIRKLAND'S HOME

This cause came before the Court for a hearing on April 11, 2008 on the

Receiver's Second Motion to Authorize Sale of Kirkland's Home (D.E. 396).  Present

were the Receiver, her counsel, counsel for the Securities and Exchange Commission,

Patrick Kirkland, and counsel for the buyers of the house at issue.  The Receiver,

Kirkland, and the Commission all had an opportunity to and did submit briefs on the

motion, and Magistrate Judge Spaulding issued a Report and Recommendation on March

10, 2008 (D.E. 436) making findings of fact and recommending that the Court grant the

Receiver's motion.  Kirkland objected to the Report and Recommendation (D.E. 442), and the Commission responded to the objections (D.E. 451) as allowed under the Local Rules.  The Court further heard the arguments of all parties and non-parties present at the April 11, 2008 hearing.

Having considered all of the briefs submitted in support of and in opposition to the Receiver's motion, the oral arguments of the parties, and the entire record in the case, the Court orders as follows:

The Report and Recommendation is **ADOPTED** in its entirety, and the Receiver's Motion to Authorize the Sale of Kirkland's Home is **GRANTED.**  The Receiver is authorized to proceed with the sale of the house at 6131 Louise Cove Drive in Windermere, Florida ("the Isleworth House"), as set forth in her motion.  The Court adopts the Magistrate Judge's findings on Page 7 of the Report and Recommendation that the Receiver has complied with the requirements of 28 U.S.C. Section 2001 by obtaining, in June 2007, three appraisals on the Isleworth House.  The contract price of $5,050,000.00 offered for purchase of the Isleworth House exceeds two-thirds of the appraised value as required by Section 2001.  The Court further finds the Receiver has complied with the requirements of Section 2001 by publishing the required notice of the sale.  The Court also finds the Receiver has provided the required notice of the April 11 hearing to all interested persons and filed the required certification with the Court.

Kirkland has objected to the sale on the grounds, among others, that Article X, Section 4 of the Florida Constitution, commonly known as the homestead provision, prevents the forced sale of the Isleworth House.  After having conducted a *de novo*

2

review of the facts and the law, the Court adopts the Magistrate Judge's findings and legal conclusions with regard to this objection on Pages 4-7 of the Report and Recommendation and finds the homestead provision does not bar the sale of the Isleworth House.   The Court finds the Receiver has established her entitlement to an equitable lien on the Isleworth House in the amounts fraudulently obtained from investors as stated by the Magistrate Judge on Page 6 of the Report and Recommendation: approximately $1,114,000 towards the purchase price; $368,238.52 towards the mortgage before the Commission filed this lawsuit; an additional $496,867.64 the Receiver has paid on the mortgage after the commencement of the lawsuit; and approximately $58,000 in homeowner's fees.   The Court therefore imposes an equitable lien on the Isleworth House in the total of the four amounts set forth immediately above, to wit, $2,037,106.16.

**IT IS FURTHER ORDERED** that Kirkland and anyone else residing in the Isleworth House with him are directed to vacate the Isleworth House and remove their furnishings and personal possessions from it no later than 2:00 p.m. on Monday, April 14, 2008 so that the closing, currently scheduled for April 15, 2008, may occur.

**IT IS FURTHER ORDERED** that if Kirkland and/or anyone else residing in the Isleworth House do not vacate the house and remove their furnishings and personal possessions by 2:00 p.m. on April 14, 2008, the U.S. Marshal is directed to take any and all necessary action to remove any resident or furnishings and possessions from the house no later than noon on Tuesday April 15, 2008.

**DONE AND ORDERED** this 11th day of April, 2008 in Chambers in Orlando, Florida.

JOHN ANTOON II
United States District Judge

Copies to:
United States Magistrate Judge
Counsel of Record
Unrepresented Party