# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

           **Plaintiff,**

-vs-                                   Case No. 6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

           **Defendants,**

SUNSET BAY CLUB, INC., SUMMERHILL
VENTURES, INC., PELICAN BAY CLUB,
INC., and ISLEWORTH ADULT
COMMUNITY, INC.,

           **Relief Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S MOTION TO COMPEL BB&T TO PAY EXCESS PROCEEDS FROM FORECLOSURE SALE OF PROPERTY OWNED BY NORTH GEORGIA PROPERTIES LLC TO RECEIVER TO HOLD IN ESCROW PENDING DETERMINATION OF TROPICAL VILLAGE'S INTEREST IN THE EXCESS PROCEEDS (Doc. No. 401)** |
| **FILED:** | **January 18, 2008** |

Defendant Tropical Village, Inc. owned a 50% ownership interest in North Georgia Properties LLC, a Georgia limited liability company. Somerset Development, LLC, managed by Joseph A.

Martino, M.D., owned the remaining interest in North Georgia Properties. North Georgia Properties acquired a piece of real property for a price of $1,012,000.00. Tropical Village and Somerset Development each contributed $125,000.00 toward the purchase price, with the remainder being financed by BB&T.

On November 28, 2007, the Honorable John Antoon, II, the presiding district judge in this case, entered an agreed order between the Receiver and BB&T that provided in relevant part:

> Effective January 1, 2008, the Order of Preliminary Injunction shall be modified as to BB&T, and BB&T shall be relieved of all restraining provisions of the Injunction, such that BB&T shall be permitted to exercise any and all of its rights and remedies under its loan documents and Georgia law, including, but not limited to, its right to foreclose, without further order of this Court.

Doc. No. 383 at 2. BB&T subsequently foreclosed on the property and sold it, realizing excess proceeds of $188,807.68.

The Receiver claims that the receivership is entitled to 50% of the excess proceeds. An attorney's lien in the amount of $158,198.66 was filed against the property as a result of Dr. Martino's failure to pay his attorneys' fees and expenses in his divorce action. Doc. No. 368, Ex. A. Cynthia Martino also has notified BB&T that she has a claim pursuant to her divorce from Dr. Martino. Doc. No. 406 at 3. Finally, past due property taxes are owed and it is anticipated that the Forsyth County Tax Commissioner may also assert a claim to the proceeds. *Id*.

The Receiver asserts that this Court has jurisdiction over those portions of the excess proceeds that are due and owing to North Georgia Properties because she filed the Complaint and Order Appointing Receiver in this case in the United States District Court for the Northern District of Georgia as required by 28 U.S.C. § 754. This filing would, at best, give this Court jurisdiction over 50% of the

excess proceeds representing Tropical Village's claimed interest. It would not vest the Court with jurisdiction over the remaining funds or over the claimants to those funds.

BB&T asks, in its response to the motion, that the Court modify the injunction to permit it to interplead the excess proceeds into a court in Georgia for final determination of the validity and priority of all claims thereto. Doc. No. 406 at 5. Filing an interpleader action in Georgia appears to provide the best avenue for all interested parties, including the Receiver, to assert claims to the excess funds. It does not appear necessary, however, to further modify the injunction as Judge Antoon relieved BB&T of all restraining provisions of the injunction.

Accordingly, given the failure to establish the Court's jurisdiction over the whole of the excess proceeds, I recommend that the Court **DENY** the Receiver's Motion to Compel BB&T to Pay Excess Proceeds From Foreclosure Sale of Property Owned By North Georgia Properties LLC to Receiver. I further recommend that the Court affirmatively grant BB&T authority to institute an interpleader action in Georgia regarding the excess funds.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 17, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties