# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                **Plaintiff,**

-vs-                                        Case No.  6:06-cv-183-Orl-28KRS

**PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,**

                **Defendants,**

**SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,**

                **Relief Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** BANCO POPULAR NORTH AMERICA'S MOTION TO EXTEND TRANSFER DEADLINE SET FORTH IN PARAGRAPH 3 OF THE COURT'S AGREED ORDER ON RECEIVER'S MOTION TO ABANDON PELICAN BAY PROPERTY (DKT. 375) AND BANCO POPULAR OF NORTH AMERICA'S CONDITIONAL OBJECTION TO RECEIVER'S MOTION TO ABANDON PELICAN BAY PROPERTY, AND REQUEST FOR ORAL ARGUMENT (DKT. 380) (Doc. No. 528)
>
> **FILED:** May 23, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Intervenor Banco Popular North America (BPNA) seeks an extension of the deadline to transfer the Pelican Bay Project to it or its assignee because it has not yet found a purchaser for the Project. BPNA asserts that this enlargement of time will have no negative impact on the receivership estate. It submits that failure to extend the deadline will cause BPNA to have to incur closing costs if the Project is transferred to BPNA and later sold, and that BPNA will have to recognize an approximately $6 million loss if it takes title to the Project.

The concerns expressed by BPNA were known to it at the time it agreed to the settlement with the Receiver and other interested parties and intervenors. BPNA agreed to transfer of the Project to BPNA or its assignees. There was no provision for transfer only to a purchaser of the Project who would become BPNA's assignee.

Furthermore, as the Court, interested parties and intervenors are well aware, the prompt transfer of the Pelican Bay Project was necessary (1) to satisfy the liens of the construction contractors; (2) to relieve the receivership estate from the BPNA loan that exceeded $10 million, which threatened the continued viability of the estate; (3) to release the Receiver and the receivership estate from BPNA's threat of a lawsuit, *see* doc. no. 380 at 2; and, (4) to address a conflict of interest between the Receiver, her counsel and BPNA that could have lead to removal of the Receiver. These concerns will be not alleviated until the Project is transferred out of the receivership estate pursuant to the terms approved by the Court.

Accordingly, the motion to extend the transfer deadline for thirty days is **DENIED**. In the event that the Receiver has not already transferred the Project due to the pendency of BPNA's motion, the motion is **GRANTED** only to permit the transfer to occur on or before June 2, 2008. The Court

reminds the parties, intervenors and their counsel that the pendency of a motion, including a request for reconsideration, modification or review of an order, does not relieve them from complying with orders and deadlines established by the Court.

**DONE** and **ORDERED** in Orlando, Florida on May 29, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties