# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-vs-                                      Case No.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                Relief Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S MOTION TO APPROVE TERMS OF SALE OF 2005 HARLEY DAVIDSON MOTORCYCLE PURSUANT TO 28 U.S.C. §§ 2001(B) & 2004 AND MOTION TO SET HEARING DATE AND TO ACCEPT PREVIOUS PUBLICATION AS NOTICE OF SALE (Doc. No. 580)** |
| **FILED:** | **August 1, 2008** |

**I.       RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.**

On February 16, 2006, the Securities and Exchange Commission ("SEC") filed this complaint seeking injunctive relief, disgorgement, and penalties for alleged violations of the securities laws against Patrick Kirkland, Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation (collectively "Defendants"). Other entities owned or controlled by Kirkland were named as Relief Defendants: Sunset Bay Club, Inc. Summerhill Ventures, Inc., Pelican Bay Club, Inc., and Isleworth Adult Community, Inc. The Court subsequently appointed Judith M. Mercier as Receiver and empowered her to take possession of the assets of Defendants and the Relief Defendants, exclusive of the assets of Kirkland. Doc. No. 10 ¶ 12.

On March 22, 2006, the Receiver moved to expand the receivership and to authorize sale of property, including *inter alia* a 2005 Harley Davidson FLSTFSE, VIN number 1HD1PLF155Y951996 ("the motorcycle"). Doc. No. 42. The Receiver alleged that Kirkland purchased the motorcycle using funds owned by the Defendants or Relief Defendants and not independently owned funds. *Id*. at 4. Following a hearing held on March 29, 2006, the Court expanded the receivership to include the motorcycle and granted the Receiver authority to sell the motorcycle. Doc. 78 at 4.

On November 9, 2006, the SEC moved for summary judgment against Kirkland. Doc. No. 188. On September 25, 2007, the Court granted the SEC's motion. Doc. No. 339. The Court determined that Kirkland was "selling unregistered securities through his companies and because he committed securities fraud while offering and selling them, summary judgment must be entered against Kirkland and in favor of the SEC." *Id*. at 36. In a footnote, the Court acknowledged the

abundant evidence that Kirkland used his companies' funds to pay for his personal expenses, including his mortgage. *Id.* at 9 n.5.

Patrick Kirkland had not responded to the motion as of the writing of this Report and Recommendation, and the time for doing so has passed.

**II.     ANALYSIS.**

The sale of personalty is governed by 28 U.S.C. § 2004, which states, "Any personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, <u>unless the court orders otherwise</u>." (emphasis added.)  Section 2001(b) requires among other things that before confirming a private sale, the Court shall obtain three appraisals from disinterested persons and shall publish the terms of the sale in newspaper(s) of general circulation. 28 U.S.C. § 2001(b).  The Receiver requests that the Court deviate from the requirements of § 2001(b) by substituting a Kelly Blue Book trade-in value estimate in lieu of the three appraisals and that the Court waive the publication requirement.

There is no controlling law regarding deviation from the requirements of § 2001(b).  One of the few courts to address the issue ruled that the statutory scheme expresses a "preferential course to be followed in connection with a court authorized sale of property and that the district court should not order otherwise except under extraordinary circumstances." *Tanzer v. Huffines*, 412 F.2d 221, 222 (3d Cir. 1969).  How the court proceeds is still reviewed pursuant to an abuse of discretion standard. *Id.*

The Receiver states that she contacted six local Harley Davidson retailers and motorcycle retailers in an effort to identify interested purchasers, she received six offers to purchase the

motorcycle, and that she has selected the highest offer to present to the Court. It appears that there has been no public advertisement of the motorcycle.

The Receiver urges the Court to accept the purchase offer of $18,000.00 based on the Kelly Blue Book trade-in value of $16,250.00. I note that the Kelly Blue Book estimate to buy the same make and model as Kirkland's motorcycle from a dealer is $21,540.00.[1] The difference between the purchase offer and the dealer sales price would be quickly offset by the costs of obtaining three appraisals of the motorcycle and the costs of publication. In these circumstances, and in the absence of objection, I recommend that the Court approve the sale under the discretion granted to it by § 2004.

Alternatively, if the Court wishes to further test the market without incurring the cost of private appraisals, it could order the Receiver to place a classified advertisement for the sale of the motorcycle in either a newspaper of general circulation or other publication specifically devoted to motorcycles, if one exists.

### III. RECOMMENDATION.

For the reasons stated above, I recommend that, pursuant to 28 U.S.C. § 2004, the Court waive the requirements of § 2001(b) with respect to the sale of the motorcycle. I further recommend that the Court do the following: (1) schedule a hearing to confirm the sale of the motorcycle; and (2) direct the Receiver to provide notice of this hearing to the proposed buyer, all other persons who previously made an offer, and any other interested parties in advance of the confirmation hearing.

---

[1] See http://www.kbb.com/kbb/OtherVehicles/PricingReport.aspx?VehicleId=68911&VehicleClass=Motorcycle&PriceType=Retail&ManufacturerId=183&YearId=2005 (last checked on 8/14/2008).

Alternatively, the Court may also order the Receiver to advertise the motorcycle for sale for a limited time and require the Receiver to file a certification at least one business day before the hearing that of the results obtained from the advertisement..

Provided that the Court is satisfied that the sale is appropriate following the hearing, I further recommend that the Court **GRANT** the Receiver's Motion to Approve Terms of Sale of 2005 Harley Davidson Motorcycle.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 20, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy