# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

-vs-                                     Case No.  6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                    Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                    Relief Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION OF ROBERT F. HIGGINS, ESQUIRE AND THE LAW FIRM OF LOWNDES, DROSDICK, KANTOR & REED, PROFESSIONAL ASSOCIATION, FOR AN ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (Doc. No. 589)** |
| **FILED:** | **September 12, 2008** |

Robert F. Higgins, Esq., and the law firm of Lowndes, Drosdick, Kantor & Reed ("Lowndes") jointly move the Court for an order authorizing the Receiver, Judith Mercier, to compensate them for legal services rendered and to reimburse them for expenses.  In support of the motion, Higgins has filed resumes of the billing professionals, itemized time sheets and a statement of costs.  Doc. No. 589.

The SEC did not file a response to the motion, but it informed Higgins that it takes no position on his application.  Doc. No. 589 at 1-2.  The Receiver, Banco Popular North America and Watermark Construction, L.P. do not object to the motion.  *Id.*  Although Kirkland objected to the motion when contacted by Higgins, he has not filed a response to the motion.  *Id*.

## I.   PROCEDURAL HISTORY.

On February 16, 2006, the Court appointed Mercier as Receiver in this matter.  Doc. No. 10. The order of appointment provides that the Receiver was authorized to "employ legal counsel, actuaries, accountants, clerks, consultants, and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses," with the Court's approval.  Doc. No. 10 at 4.

On November 30, 2007, Mercier filed a Notice of Retention of Special Counsel, which informed the Court that Mercier had retained Higgins to serve as legal counsel in connection with any issues adverse to the interests of Banco Popular North America ("BPNA").  Doc. No. 386.  BPNA, a client of the Holland & Knight law firm, had taken positions adverse to the Receiver on the Pelican Bay Project.

## II.      APPLICABLE LAW.

In determining a reasonable fee for a receiver and her attorneys, "[a] basic consideration is the nature and complexity of the legal problems confronted and the skill necessary to resolve them." *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465, 485 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975) (hereinafter "*Moody*"). "Although time is a material factor, the difficulty of the job, the expertise necessary to accomplish it, and the results achieved are more significant here." *Id.* at 486.

Many courts begin the analysis with the lodestar approach, which is based on the reasonable hourly rate in the relevant market of the professionals for whom fees are sought and the reasonable number of hours expended.   *See, e.g., FTC v. Peoples Credit First, LLC,* No. 8:03cv2353T17TBM, 2005 WL 3981599, at * 3 (M.D. Fla. April 19, 2006)(citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also SEC v. Goren*, 272 F. Supp. 2d 202, 207 (E.D.N.Y. 2003).   Claims for professional services must be supported by evidence that the hourly rate is reasonable and commensurate with rates paid for similar services, and that the time expended was reasonable. *See Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).  Further, "it is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers. . . ." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  Such non-legal work should be billed at a lesser rate. *Id*.

With respect to paralegals, work that is appropriately compensated at a paralegal rate might include "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Id*.  Work that is purely clerical in nature, such

as contacting court reporters, and mailing, filing, and delivering documents is not compensable. *See, e.g., Scelta v. Delicatessen Support Servs. Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) ("[T]he efforts of a paralegal are recoverable only to the extent the paralegal performs work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses.") (internal quotations omitted)*; Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000); *see also Missouri v. Jenkins*, 491 U.S. at 288 n.10 ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").

Requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the estate.  *See Peoples Credit First, LLC*, 2005 WL 3981599, at * 5; *see also In re Southeast Banking Corp*., 314 B.R. 250, 271 (S.D. Fla. 2004).   Expenses should be limited to the actual out-of-pocket costs, sans profit, and should not include overhead expenses such as secretarial overtime, mileage and the like. *See Peoples Credit First, LLC*, 2005 WL 3981599, at *5 n.12; *cf. Lang v. Reedy Creek Improvement Dist*., No. 94-cv-693-Orl-19, 1997 WL 809200 (M.D. Fla. Dec. 23, 1997)(finding in a civil rights case that the prevailing party was entitled to its expenses, sans profit).

"No receivership is intended to generously reward court-appointed officers." *Moody*, 374 F. Supp. at 483.  Both a receiver and his counsel must exercise proper billing judgment in seeking fees from the receivership estate, and should limit their work to that which is reasonable and necessary irrespective of the amount of money in the receivership estate.  *See, e.g., Peoples Credit First, LLC*, 2005 WL 3981599, at * 4.  This is particularly true when, as in the present case, the receivership estate

will not recover sufficient assets to pay full restitution to the victims of the fraud alleged in the complaint. *See id.* at *5.

III.   **ANALYSIS.**

     A.   **Reasonable Hourly Rates.**

          1.   <u>Reasonable Hourly Rates of Partner-Level Attorneys</u>.

Four partner-level attorneys provided services to the Receiver: Higgins, Michelle R. Rencoret, William R. Bird, Jr. and Jason Ward Johnson.  Lowndes agreed to bill its partners at the blended rate of $350.00 per hour.

Higgins graduated from law school in 1969.  He practices in the areas of bankruptcy and creditors rights, commercial litigation and alternative dispute resolution.  He is a certified mediator by the Florida Supreme Court, the United States Bankruptcy Court for the Middle District of Florida and the Florida Academy of Professional Mediators National Association of Securities Dealers.  He has served as a receiver's counsel in a long-running case in this District.  At the beginning of the representation, Higgins's regular billing rate was $430.00 per hour and increased to $460.00 per hour in February 2008.

Rencoret graduated from law school in 1996.  She practices in the areas of real estate transactions, development and finance and commercial leasing.  Her regular billing rate during the time that services were rendered on this matter was $325.00 per hour.

Bird graduated from law school in 1986.  He practices in the areas of real estate transactions, development and finance, asset-based lending and securitization, commercial leasing, and hotel and resort development.  His regular billing rate was $350.00 during the time that he worked on this matter.

Johnson graduated from law school in 1999, and made partner in February 2008.  His areas of practice are bankruptcy and creditors' rights and general and commercial litigation.  His regular billing rate upon becoming partner increased to $300.00 per hour.

Because a blended rate does not account for the skill and experience of the particular professional in light of the tasks performed, the better approach usually is to assess reasonable hourly rates for each individual.  Although *Norman* requires more than just the applicant attorney's affidavit as to what constitutes a reasonable hourly rate, Higgins and Lowndes have failed to present any such evidence.  However, based on my previous findings regarding reasonable hourly rates for Holland & Knight attorneys, and because the vast majority of work was performed by Higgins, the blended rate provides substantial savings to the receivership.  Therefore, I recommend that the Court find the blended rate of $350.00 per hour is reasonable for the services of the partner-level attorneys.[1]

2.   Reasonable Hourly Rates of Other Billing Professionals.

Lowndes requests that its other billing professionals be compensated at their regular hourly rates.  Accordingly, I will review the information presented about the background and experience of these professionals to assess their reasonable hourly rates.

Jason Ward Johnson also performed services on this matter prior to becoming partner.  As a 1999 law school graduate, Lowndes billed his services at $270.00 per hour for the period in question.  In fee applications by Holland & Knight for work performed on this matter in 2006, the Court found the reasonable billing rate for a 1999 law school graduate to be $245.00 per hour.  Doc. No. 563 at 19;

---

[1] My recommendation is based in part upon the fact that it appears that Higgins and Lowndes have concluded their services to the Receiver and that no other fee applications from them will be forthcoming.  If additional fee applications are submitted, the Court should reserve the right to assess a reasonable hourly rate for the partner-level attorneys on an individual basis.

Doc. No. 585. For services performed between November 2007 to February 2008, I find a reasonable hourly rate for Johnson is $255.00 per hour.

Kim Nguyen and Andrew M. Gluck both graduated from law school in 2007. Lowndes billed their services at $180.00 per hour. In fee applications by Holland & Knight for work performed on this matter in 2006, the Court found the reasonable billing rate for a 2005 law school graduate to be $135.00 per hour. Doc. No. 563 at 19; Doc. No. 585. I find a reasonable hourly rate for Nguyen and Gluck is $145.00 per hour.

Carole S. Moore is a paralegal with a B.A. degree in Allied Legal Services and Political Science. She has over 20 years experience with Lowndes as a litigation paralegal. Lowndes billed her services at $150.00-$165.00 per hour. The courts, however, have found that a reasonable rate for a paralegal in the central Florida market is between $75.00 and $95.00. *See Brother v. Int'l Beach Club Condo, Ass'n, Inc.*, No. 6:03-cv-444-ORL-28DAB, 2005 WL 1027240, at *6 (M.D. Fla. April 28, 2005)*; Marengo v. 99 Cent Supercenter, LLC*, Case No. 6:05-cv-1792-Orl-18DAB, 2007 WL 2893388, *2 (M.D. Fla. September 05, 2006) ($95.00 per hour for paralegal time approved). I find that some adjustment for inflation is appropriate. I find that a reasonable rate for Moore's services is $105.00 per hour.

**B.      Reasonable Number of Hours.**

The next issue is whether the hours worked are reasonable. Higgins and Lowndes submitted time sheets describing the work performed by each of the individuals for whom fees are sought. Doc. No. 589-3.

A review of the time sheets reveals that Higgins and Lowndes essentially took over all matters related to the Pelican Bay Property, including issues of code enforcement, preparing materials for

potential buyers, and utility issues.  I note that Higgins is an extremely well qualified and experienced counsel. The Receiver's constant direction of Higgins's work raises the issue regarding effective use of the Receiver's time, which should be addressed if the Receiver renews her motion for fees related to the Pelican Bay Property.    Similarly, Brian McDowell, Esq., counsel for the Receiver, was precluded from participation in the Pelican Bay Property dispute as a result of a conflict of interest. While McDowell may have known information necessary to assist Higgins in the resolution of the Pelican Bay Property dispute, whether McDowell may be compensated for his participation in this matter must be addressed if the Receiver renews her motion for fees for work performed by Holland & Knight related to the Pelican Bay Property.

In the absence of objection, I find the hours expended by Higgins and the Lowndes attorneys to be reasonable, with the following exceptions.  Higgins and others negotiated with BPNA regarding resolution of putative conflict issues between BPNA and Holland & Knight.  Any conflict between BPNA and Holland & Knight would not have created a liability for the receivership, but would have been a liability solely for Holland & Knight.  Therefore, it is improper to charge the receivership for these services.  I recommend that the Court deduct 4.2 hours of Higgins's time and .5 hours of Rencoret's time for work performed related to resolving the conflict of interest issue.[2]

---

[2] *See* 1/31/08, .40 hours; 1/31/08, .50 hours (MRR); 2/1/08, .50 hours; 2/5/08, .85 hours; 2/6/08, 1.0 hours; 2/8/08, 1.45 hours.

Similarly, while the time spent by Higgins to gain familiarity with the case is proper, the receivership would not have incurred these costs but for Holland & Knight's conflict of interest with BPNA.  Therefore, it is improper to charge the receivership for these services.  I recommend that the Court deduct 3.15 hours of Higgins's time for work related to becoming familiar with the case.[3]

I also find that much of the time expended by the paralegal to be unnecessary or administrative in nature.  The paralegal spent time "researching public records" for various orders entered in the case or the status of the case.[4]  These materials were readily available upon request from the Receiver. Further, .5 hours spent on determining the time allowed for a hearing was both unreasonable and administrative in nature.[5]  I recommend that the Court deduct a total of 1.9 hours of Carol Moore's time.

---

[3] *See* 11/28/08, 1.0 hours; 12/5/07, 1.75 hours; 12/6/07, .40 hours.

[4] *See* 11/29/07, .30 hours; 12/14/07, .20 hours; 12/26/07, .40 hours; 2/26/08, .30 hours; 4/25/08, .20 hours.  Total hours equal 1.4.

[5] See 2/26/08, .30 hours; 2/26/08, .20 hours.

**C.    Lodestar.**

For the foregoing reasons, I respectfully recommend that the lodestar be calculated as follows:

| Professional | Hourly Rate | Compensable Hours | Total |
|---|---|---|---|
| Robert Higgins | $350.00 | 148.05 | $51,817.50 |
| Michelle Rencoret | $350.00 | 46.30 | $16,205.00 |
| William R. Bird, Jr. | $350.00 | .20 | $70.00 |
| Jason Ward Johnson | $350.00 | .6 | $210.00 |
| Jason Ward Johnson | $255.00 | 2.9 | $739.50 |
| Kim Nguyen | $145.00 | 2.8 | $406.00 |
| Andrew Gluck | $145.00 | 3.5 | $507.50 |
| Carole Moore | $105.00 | .7 | $73.50 |
| **TOTAL** | | | **$70,029.00** |

Adding together the attorneys' fees and paralegal fees results in a total of $70,029.00 for services rendered.

**D.    Expenses.**

The Court permitted the Receiver to pay reasonable expenses, subject to approval.  Doc. No. 10 at 4.  Because out-of-pocket expenses should represent expenditures actually incurred by the Receiver's counsel, it is reasonable that Lowndes should be reimbursed for legitimate, reasonable expenditures.

Lowndes' motion contains very little information supporting its request for expenses, providing only a listing of the charges claimed.  Doc. No. 589-3.  I note that a law firm's customary charges may not be the same as its actual out-of-pocket expenses.  *See, e.g., Lang*, 1997 WL 809200, at *8-14 (finding in a civil rights case that the prevailing party was entitled to its expenses, sans

profit).  Lowndes has not provided the Court with a certification that the expenses were those actually

incurred, or that the costs were necessarily incurred.  Absent further explanation, I recommend that

the Court deny Lowndes' request for reimbursement of expenses.

**IV.     RECOMMENDATION.**

For the reasons set forth in the foregoing report, I respectfully recommend that the Court

**GRANT in part and DENY in part** the Application of Robert F. Higgins, Esquire and the Law Firm

of Lowndes, Drosdick, Doster, Kantor & Reed, Professional Association, for an Allowance and

Payment of Compensation and Reimbursement of Expenses, doc. no. 589.  I further recommend that

the Court permit the Receiver to disburse $70,029.00 to Lowndes in payment of the legal services

rendered.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2008.

*Karla R. Spaulding* _____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy