# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

-vs-                                                      Case No. 6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                Relief Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:** RECEIVER'S MOTION FOR HEARING PURSUANT TO 28 U.S.C. § 2001 TO AUTHORIZE SALE OF SUNSET BAY PROPERTY AND FOR APPOINTMENT OF APPRAISER TO PROVIDE APPRAISAL OF SUNSET BAY PROPERTY (Doc. No. 608)
>
> **FILED:** April 3, 2009

I.      **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.**

On February 16, 2006, the Securities and Exchange Commission (SEC) filed a complaint seeking injunctive relief, disgorgement, and penalties for alleged violations of the securities laws against Patrick Kirkland, Tropical Village, Inc., Clarity Development Corporation, and Senior Adult Living Corporation (collectively "Defendants"). Other entities owned or controlled by Kirkland were named as Relief Defendants: Sunset Bay Club, Inc., Summerhill Ventures, Inc., Pelican Bay Club, Inc., and Isleworth Adult Community, Inc. The Court subsequently appointed Judith M. Mercier as Receiver and empowered her to take possession of the assets of Defendants and the Relief Defendants, exclusive of the assets of Kirkland. Doc. No. 10 ¶ 12.

The Receiver now requests permission to sell real property located at 4110 Tonga Lane, Unit 902, and at 7346 Kauai Loop, Unit 202, New Port Richie, Florida 34653-6148 (collectively "Sunset Bay Property"). Doc. No. 608. The Receiver identified the Tonga Lane property owned by Sunset Bay Club, Inc., and the Court expanded the receivership estate to include the Kauai Loop property. *Id.* ¶¶ 4, 5; Doc. No. 164.

The Receiver has been presented with an "As Is" Contract for Sale and Purchase of the Sunset Bay Property to Hammerhead Leasing, LLC, for $190,000.00. Doc. No. 608-2. She represents that she had difficulty locating an appraiser due to the unique nature of the properties,[1] but appraiser Nicholas Clarizio agreed to perform the appraisal for $3,500.00. Doc. No. 608 ¶ 8. Clarizio was

---

[1] Appraiser Clarizio informed the Receiver that the properties were "very unique" because they were designed for companion style living and resembled dormitories, that each property consisted of three stories, five bedrooms, five bathrooms, one shared living room, and one shared kitchen, and were considered "special use" properties due to their location in a seniors-only community. Doc. No. 608-3 at 1.

unable to locate any comparable properties within the county except for foreclosure sales of two buildings in the Sunset Bay community which ranged from $75,000.00 to $95,000.00 per building. Clarizio used an income capitalization approach to appraise the property at 7346 Kauai Loop, which he appraised in the range of $80,000.00 to $85,000.00. Doc. Nos. 608 at 4, 608-3 at 2-3.

Counsel for SEC is not opposed to the motion, but Defendant Kirkland opposes the relief sought in the motion. Doc. Nos. 608 at 6, 609. Kirkland contends that the two properties sold for $825,000.00 each in 2006, and to sell them both for $190,000.00 "would be a travesty." Doc. No. 609 at 2.

## II.  ANALYSIS.

The sale of realty is governed by 28 U.S.C. § 2001, which states, "After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty . . . at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby." Section 2001(b) requires that before confirming a private sale, "the court shall appoint three disinterested persons to appraise such property," and "the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation."

There is no controlling law regarding deviation from the requirements of § 2001(b). One of the few courts to address the issue ruled that the statutory scheme expresses a "preferential course to be followed in connection with a court authorized sale of property and that the district court should not order otherwise except under extraordinary circumstances." *Tanzer v. Huffiness*, 412 F.2d 221,

222 (3d Cir. 1969). How the Court proceeds is still reviewed pursuant to an abuse of discretion standard. *Id.*

The Receiver asserts that it is in the best interest of the receivership estate for the Court to determine, due to the uniqueness of the properties, that she has substantially complied with 28 U.S.C. § 2001 by obtaining one appraisal of the Sunset Bay Property, and to appoint Clarizio as the appraiser *nunc pro tunc*. Doc. No. 608 ¶ 11. The Receiver does not believe there is any benefit to the receivership estate to require additional appraisals because the appraised value is less than the purchase price, and additional appraisers would charge $3,500.00 to $4,200.00 and, she believes, would likely reach the same conclusion as Clarizio.[2] *Id.* at 6-7.

The Receiver also asserts the sale of the properties is "in the best interest of the Defendants, Relief Defendants and their creditors and investors," and that the sale "will allow the Receiver to convert assets with attendant expenses into cash that will generate revenue for the Receivership Estate." *Id.* at 7.

Defendant Kirkland argues that the Receiver abrogated previous contracts to sell these properties for a total sales price of $1.65 million. The Court has previously heard from counsel for the SEC that previous contracts were rescinded because the purchasers were induced to enter into the contracts through misrepresentations. Therefore, the prior purchase offers do not provide a reasonable basis, under the current economy, to conclude that the properties are worth more than the appraised price.

---

[2] The Receiver proposes that if the Court determines three appraisals are required, appraisers Robert Oxford and Kenneth Frost should be appointed in addition to Clarizio. Doc. No. 608 ¶ 12.

Furthermore, the Receiver states that, upon approval by the Court, she will publish a notice of sale of the Sunset Bay Property in the West Pasco Press at least ten days before the sale, pursuant to 28 U.S.C. § 2001(b). Doc. Nos. 608 at 5-6, 608-5. This publication notice will give other interested purchasers an opportunity to make an offer on the property, thereby ensuring that the value of the properties is tested in the marketplace.

### III. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court do the following:

1. **GRANT** the Receiver's motion for hearing to authorize the sale of the Sunset Bay Property and schedule a hearing date;

2. **GRANT** the Receiver's motion to appoint appraiser Nicholas Clarizio, *nunc pro tunc*, and waive the requirements of § 2001(b) with respect to the sale of the Sunset Bay Property;

3. **DIRECT** the Receiver to provide notice of the hearing to the proposed buyer and any other interested parties in advance of the hearing; and

4. **DIRECT** the Receiver to publish the terms of the sale, Doc. No. 608-5, in the West Pasco Press at least ten days before confirmation of private sale of the Sunset Bay Property.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 27, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy