**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE**
**COMMISSION,**

        **Plaintiff,**

**-vs-**                  Case No. 6:06-cv-183-Orl-28KRS

**PATRICK KIRKLAND, TROPICAL**
**VILLAGE, INC., CLARITY**
**DEVELOPMENT CORPORATION, and**
**SENIOR ADULT LIVING**
**CORPORATION,**

        **Defendants,**

**SUNSET BAY CLUB, INC.,**
**SUMMERHILL VENTURES, INC.,**
**PELICAN BAY CLUB, INC., and**
**ISLEWORTH ADULT COMMUNITY,**
**INC.,**

        **Relief Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**  **APPLICATION OF KAPILA & COMPANY FOR APPROVAL OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS TAX ACCOUNTANTS FOR RECEIVER (Doc. No. 682)**
>
> **FILED:**  **June 30, 2011**

## I.     PROCEDURAL HISTORY.

On February 16, 2006, the SEC filed a complaint seeking injunctive relief, disgorgement, and penalties for alleged violations of the securities laws against Patrick Kirkland, and various entities controlled by Kirkland. Doc. No. 1. On the same day, the SEC filed emergency motions requesting the imposition of a temporary restraining order and the appointment of a receiver. Doc. Nos. 3, 6. The Court granted both motions and accepted the SEC's recommendation of appointing Judith M. Mercier as Receiver. Doc. Nos. 9, 10.

The Receiver took possession of the books and records of the receivership entities. The Receiver immediately retained the accounting firm Kapila & Company ("Kapila") to assist her. In the present motion, Kapila moves for authorization for the Receiver to pay its fees and expenses for the time period of June 2009 through December 2010. Kapila was previously awarded $8,407.00 in fees and $39.82 in costs. Doc. No. 504. Kapila requests $113,352.00 in professional fees and $862.18 in costs. In support of the motion, Kapila filed a summary of its representative engagements, Doc. No. 682 at 30-50; time sheets for the fees claimed, *Id.* at 51-68; and the affidavit of Robert B. Morrison, managing director of RSM McGladrey, Inc.'s valuation, forensic accounting and litigation services practice in Florida, regarding the reasonableness of the fees an costs requested, *Id.* at 69-76.

Kapila indicated that the SEC and the Receiver did not oppose the motion.

## II.    APPLICABLE LAW.

The order of appointment provides that the Receiver is authorized to "employ legal counsel, actuaries, accountants, clerks, consultants, and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses," with the Court's approval. Doc.

No. 10 at 4. Courts have held that a lodestar-style analysis is appropriate in evaluating the reasonableness of fees charged by accountants and other non-attorney professionals. *See, e.g.*, *SEC V. Marker*, No. 1:02CV01109, 2007 WL 2733711 (M.D.N.C. Sep. 17, 2007); *In re Computer Learning Centers, Inc.*, 285 B.R. 191, 199 (Bankr. E.D. Va. 2002) ("The same procedure is used to determine a reasonable fee for accountants as attorneys. . . .").

Claims for professional services must be supported by evidence that the hourly rate is reasonable and commensurate with rates paid for similar services, and that the time expended was reasonable. *See Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Similarly, requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs. *See, Peoples Credit First, LLC*, No. 8:03-cv-2353-TBM, 2005 WL 3981599, *5 (M.D. Fla. Dec. 21, 2005) ; *see also In re Southeast Banking Corp.*, 314 B.R. 250, 271 (S.D. Fla. 2004).    Expenses should be limited to the actual out-of-pocket costs, sans profit, and should not include overhead expenses such as secretarial overtime, mileage and the like. *See, Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) (routine office overhead normally is not compensable); *Peoples Credit First, LLC*, 2005 WL 3981599, at *5 n.12; *cf. Lang v. Reedy Creek Improvement Dist.*, No. 94-cv-693-Orl-19DAB, 1997 WL 809200 (M.D. Fla. Dec. 23, 1997)(finding in a civil rights case that the prevailing party was entitled to its expenses, sans profit).

**III. ANALYSIS.**

*A.    Professional Fees.*

Kapila requests the following rates and hours for its timekeepers:

| KAPILA PROFESSIONAL | HOURLY RATE | HOURS WORKED | TOTAL |
|---|---:|---:|---:|
| Lesley J. Johnson | $300.00 | 164.4 | $49,320.00 |
| Marlene B. Barbe | $225.00 | 282.2 | $63,495.00 |
| Catherine D. Murchison | $90.00 | 1.3 | $117.00 |
| Rosemary Howard | $90.00 | 2.8 | $252.00 |
| Joan G. Zeiler | $70.00 | 2.4 | $168.00 |
| **Total** | | | **$113,352.00** |

1.   Reasonable Hourly Rates.

The first step in a lodestar calculation is to determine whether the hourly rates of each professional for whose work fees are sought is reasonable. A reasonable hourly rate is the prevailing rate in the relevant market for individuals of similar skill and experience. The movant bears the burden of establishing this prevailing rate through evidence other than his own affidavit stating his opinion regarding the reasonable rate. Such evidence can include hourly rates awarded in other cases. *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). When the fee petition is insufficient to establish the reasonable hourly rate, a judge may rely on her own knowledge and experience in determining the rate without benefit of outside evidence. *Id*. at 1303.

The Court previously found in this case that a reasonable rate for Johnson's work is $300.00 per hour. *See* Doc. No. 413 at 11; Doc. No. 504. Accordingly, I find that $300.00 remains a reasonable hourly rate for Johnson's work.

Kapila states that Marlene B. Barbe is a tax consultant in the taxation division who received her CPA in 1985 and has 28 years of experience. In another case, I found that a reasonable hourly rate for a Kapila CPA in Texas who had passed tests to become a CIRA with 21 years of experience, was $240.00; a reasonable hourly rate for a CPA, CIRA and CFE with 5 years of experience was $220.00; and the reasonable hourly rate for a CPA with 18 years of experience was $190.00. *S.E.C. v. Digges*, Case No. 6:06-cv-137-Orl-31DAB, Doc. Nos. 156, 174. Based on those findings, I find that $225.00 is a reasonable hourly rate for Barbe.

Catherine D. Murchison is a forensic analyst with 32 years of experience. In the *Digges* case, this Court previously found that Murchison's reasonable hourly rate was in excess of the $90.00 that she seeks here. Case No. 6:06-cv-137-Orl-31DAB, Doc. Nos. 156, 174. Thus, I find that $90.00 per hour is a reasonable rate for Murchison.

Rosemary Howard is a tax analyst in the taxation division with 32 years of experience. In *Digges*, the Court found that $90.00 was a reasonable rate for analysts with 3 to 5 years of experience. Case No. 6:06-cv-137-Orl-31DAB, Doc. Nos. 156, 174. Because Howard has well over 5 years of experience, I find $90.00 per hour is a reasonable hourly rate for her.

Joan G. Zeiler is a paraprofessional with 22 years of experience. In *Digges*, the Court found that a reasonable hourly rate for a paraprofessional with 3 years of experience was $52.00 per hour; a reasonable hourly rate for a paraprofessional with 20 years of experience was $90.00 per hour; and a reasonable hourly rate for a paraprofessional with 21 years of experience was $96.00 per hour. Case No. 6:06-cv-137-Orl-31DAB, Doc. Nos. 156, 174. Accordingly, I find the $70.00 per hour requested for Zeiler is reasonable.

    2.  Reasonable Number of Hours.

After reviewing the time sheets submitted, Doc. No. 682 at 51-68, I find the majority of the hours expended to be reasonable. However, on November 29, 2009 and November 30, 2009, Johnson billed 0.8 hours for each of the following entries: Review Clarity 2005; Review Summerhill 2005 (two entries); Review Pelican 2005; Review Isleworth 2005; Review Senior Adult 2005; Review Sunset Bay 2005; and Review Tropical Village 2005. Doc. No. 682 at 51. These entries are insufficient to allow the Court to determine if the time spent was reasonable. Thus, I recommend that 6.4 hours be deducted from Johnson's time for these entries.

      3.    <u>Lodestar</u>.

After making the adjustments listed above, the lodestar is as follows:

| KAPILA PROFESSIONAL | HOURLY RATE | HOURS WORKED | TOTAL |
|---|---:|---:|---:|
| Lesley J. Johnson | $300.00 | 158.0 | $47,400.00 |
| Marlene B. Barbe | $225.00 | 282.2 | $63,495.00 |
| Catherine D. Murchison | $90.00 | 1.3 | $117.00 |
| Rosemary Howard | $90.00 | 2.8 | $252.00 |
| Joan G. Zeiler | $70.00 | 2.4 | $168.00 |
| **Total** | | | **$111,432.00** |

Accordingly, I recommend that the Court award Kapila $111,432.00 in professional fees.

*B.     Expenses.*

The order of appointment provides that the Receiver was authorized to "employ legal counsel, actuaries, accountants, clerks, consultants, and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses," with the Court's approval. Doc. No. 10 at 4. Because out-of-pocket expenses represent expenditures actually incurred by the Receiver's accountants, it is reasonable that they should be reimbursed for legitimate, reasonable expenditures. Kapila & Company seeks reimbursement of out-of pocket expenses in the amount of $862.18.

The expenses sought by the accountants are reasonable, in the absence of objection. Accordingly, I recommend that Court approve payment of expenses to Kapila & Company in the amount of $862.18.

## IV.    RECOMMENDATION.

For the reasons set forth in the foregoing report, I respectfully recommend that:

1.     The Court **GRANT** in part the Application of Kapila & Company for Approval of Compensation for Services Rendered and Reimbursement of Expenses Incurred (Doc. No. 682); and

2. The Court **AUTHORIZE** the Receiver to disburse $111,432.00 in professional fees and $862.18 in expenses from the receivership estate to Kapila & Company.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 19, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy