**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

                         Plaintiff,

-vs-                                          Case No. 6:06-cv-183-Orl-28KRS

PATRICK KIRKLAND, TROPICAL
VILLAGE, INC., CLARITY
DEVELOPMENT CORPORATION, and
SENIOR ADULT LIVING
CORPORATION,

                         Defendants,

SUNSET BAY CLUB, INC.,
SUMMERHILL VENTURES, INC.,
PELICAN BAY CLUB, INC., and
ISLEWORTH ADULT COMMUNITY,
INC.,

                         Relief Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **THIRD APPLICATION FOR APPROVAL OF RECEIVER'S FEES AND COSTS (Doc. No. 685)**
>
> **FILED:**       **September 19, 2011**

| MOTION: | THIRD APPLICATION FOR APPROVAL OF FEES AND COSTS OF RECEIVER'S LEGAL COUNSEL (Doc. No. 686) |
|---|---|
| FILED: | September 19, 2011 |

## I. INTRODUCTION.

Receiver Judith M. Mercier moves this Court for entry of an order authorizing payment of her fees and expenses in the amount of $32,979.87, Doc. No. 685, and the fees and expenses of her attorneys at Holland & Knight LLP (H&K) in the amount of $27,010.84, Doc. No. 686, for the period of July 1, 2009 through August 31, 2011.[1] In support of the motions, the Receiver filed the following attachments:

    1.    Receiver's own declaration, Doc. No. 685-1;

    2.    Sale documents from the Sunset Bay property, Doc. No. 685-2;

    3.    Receiver's schedule of hours and fees, Doc. No. 685-3;

    4.    Timesheets reflecting Receiver's work, Doc. No. 685-4;

    5    Schedule of Receiver's time by category, Doc. No. 685-5;

    6.    Receiver's schedule of costs, Doc. No. 685-6;

    7.    H&K's schedule of hours and fees, Doc. No. 686-1;

    8.    H&K invoices for legal counsel, Doc. No. 686-2;

    9.    H&K invoices for contract paralegal, Doc. No. 686-3;

    10.    H&K schedule of costs, Doc. No. 686-4.

---

[1] The Court already approved $44,053.56 in fees and costs to the Receiver and $345,324.05 in fees and costs to H&K for their work through May 2006, Doc. Nos. 585, 594, and $481,744.49 for fees to the receiver and H&K and $34,193.47 in costs for the Receiver and $59,271.89 in costs for H&K for work from June 2006 through June 2009. Doc. No. 678.

The Receiver also filed declarations of Andrew Brumby, Esq., in support of the motions. Doc. Nos. 685-7, 686-5. Brumby has experience counseling secured and unsecured creditors, creditors committees, receivers and trustees in state and federal insolvency proceedings. He has served as a court appointed examiner in Chapter 11 bankruptcy cases. He also has experience representing clients in a variety of real estate matters, including workouts and restructuring transactions as well as commercial foreclosure issues and related limited liability suits. Doc. Nos. 685-7 ¶¶ 3, 4; 686-5 ¶¶ 3, 4. Although Brumby does not have experience as a receiver for the SEC or as counsel for a SEC receiver, I find his experience to be sufficiently related for him to opine on the reasonableness of the fees sought by the Receiver and H&K.

The SEC did not file a response to the motions, but it evidently informed the Receiver that it has no objection to them. Doc. Nos. 685 at 6, 686 at 3. The Receiver and her counsel assert that the SEC's position regarding the reasonableness of the fees should be given great weight, citing various cases from courts outside the Eleventh Circuit. Doc. Nos. 685 at 8-9, 686 at 5-6. These cases also affirm the law in this circuit that an award of attorney's fees is within the Court's sound discretion. *See, e.g., SEC v. First Securities Co.*, 528 F.2d 449, 451 (7th Cir. 1976). Therefore, the Court will consider the SEC's lack of objection as simply one factor in the analysis. Patrick Kirkland did not respond to the motion and the time for doing so has passed.

## II.   APPLICABLE LAW.

> The receiver is an officer of the court, and subject to its directions and orders . . . . [H]e is . . . permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court. . . . So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness. . . . The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility

and business ability required in the management of the affairs intrusted
to him, and the perplexity and difficulty involved in that management.

*Stuart v. Boulware*, 133 U.S. 78, 81-82 (1890). A receiver owes a duty to exercise reasonable care to protect and preserve the assets of the receivership. In carrying out this duty, the receiver "must exercise ordinary care and prudence, that is, the same care and diligence that an ordinary prudent person would exercise in handling his or her own estate, or under like circumstances." 65 Am. Jur. 2d *Receiver* § 146 (2007).

In determining a reasonable fee for a receiver and her attorneys, "[a] basic consideration is the nature and complexity of the legal problems confronted and the skill necessary to resolve them." *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465, 485 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975) (hereinafter "*Moody*"). "Although time is a material factor, the difficulty of the job, the expertise necessary to accomplish it, and the results achieved are more significant here." *Id.* at 486 (citations omitted).

### III. ANALYSIS.

#### A. *Results Achieved*.

The Receiver and her counsel sold the Sunset Bay property, administered the claims process and provided an interim distribution of $1.5 million for approximately 125 claims. They also completed other administrative duties including tax issues and motions before the Court.

#### B. *Reasonable Hourly Rate*.

The Receiver seeks $200.00 per hour for her work. H&K seeks hourly rates of $350.00 for Attorney Brian A. McDowell; $450.00 for Attorney Samuel J. Zusman; $115.00 for Attorney Alvin F. Benton, Jr.; $155.00 for Attorney Leslie C. Candes; $135.00 for Attorney Edward M. Fitzgerald;

$195.00 for Attorney Demrie L. Graham; $50.00 for Legal Assistant Christine Perez; $50.00 for Paralegal Sandra B. Williams; and $50.00 for a contract paralegal. Doc. No. 686-1. The Court has previously determined that these are reasonable hourly rates. Doc. Nos. 563, 585, 652, 678. Accordingly, I find that these rates remain reasonable for these timekeepers.

*C.     Time Expended.*

The Receiver claims to have expended 189.3 hours of work. Doc. No. 685-3. However, she stated that she wrote off fifty percent (50%) of her time spent on fee applications, and therefore, only seeks fees of $32,260.00. Doc. No. 685 at 14-15. After reviewing the time sheets provided by Receiver, it appears that she did write off 50% of her time spent on fee applications. The remainder of her time entries appear to be reasonable.

H&K claims 338.0 hours worked by the contract paralegal at $50.00 per hour. In my prior Report and Recommendation regarding H&K's second application for fees, Doc. No. 652, I noted that H&K spent a minimum of 382.9 hours writing fee motions. Now, H&K seeks to claim additional time spent on motions for fees. The contract paralegal expended an additional 47.3 hours working on the motions for fees.[2] Under these circumstances, a percentage reduction in the revised lodestar fees would be warranted for the excessive time worked preparing fee motions. *See, e.g., Loranger*, 10 F.3d at 782-3 (court stated that spending over 100 hours preparing fee request was "patently excessive" and approved "across-the-board percentage cuts either in the number of hours claimed or

---

[2] The contract paralegal expended the following time working on fee applications on the following dates: 7/15/09 - 2.4 hours; 7/16/09 - 4.3 hours; 7/17/09 - 7.3 hours; 7/20/09 - 1.4 hours; 7/21/09 - 4.8 hours; 7/22/09 - 4.0 hours; 7/27/09 - 3.2 hours; 7/28/09 - 0.5 hours; 7/30/09 - o.5 hours; 3/2/10 5.0 hours; 3/3/10 - 6.1 hours; 3/4/10 - 3.9 hours; 3/9/10 - 1.1 hours; 4/30/10 - .8 hours; 11/16/10 - 1.0 hour; 11/22/10 - 1.0 hour. Doc. No. 686-3.

in the final lodestar figure"); *New York Life Ins. Co. v. Waxenberg*, No. 8:07-CV-401-T-27TGW, 2009 WL 5214986, at * 3 (M.D.Fla. Dec. 29, 2009) (reducing fees by an "across the board percentage"). Because the Receiver felt it was reasonable to reduce her hours spent on fee applications by fifty percent (50%), I recommend that the conrtact paralegal's fee for this work also be reduced by fifty percent (50%). Accordingly, I recommend that 23.65 hours be deducted from the contract paralegal's time, yielding a total of 314.35 hours at $50.00 per hour for a total of $15,717.50 for the contract paralegal's time.

H&K claimed the following hours for its attorneys and staff:

| Timekeeper | Hourly Rate | Hours Worked | Total |
|---|---|---|---|
| Brian McDowell | $350.00 | 4.7 | $1,645.00 |
| Samuel J. Zusmann | $450.00 | 1.4 | $630.00 |
| Alvin F. Benton, Jr. | $115.00 | 3.6 | $414.00 |
| Leslie C. Candes | $155.00 | 26 | $4,030.00 |
| Edward M. Fitzgerald | $135.00 | 3.9 | $526.50 |
| Demrie L. Graham | $195.00 | 5.6 | $1,092.00 |
| Christine Perez | $50.00 | 1.0 | $50.00 |
| Sandra B. Williams | $50.00 | 33.0 | $1,650.00 |
| **TOTAL** | | | **$10,037.50** |

After reviewing H&K's time entries for its attorneys and support staff, Doc. No. 686-2. I find that the time expended is reasonable. Therefore, I recommend that the Court award $10,037.50 in legal fees to H&K.

### D. *Reasonable Costs*.

The Receiver requests $431.90 for photocopies charged at $.10 each. I have previously found $.10 to be a reasonable charge for copies and find this cost reasonable. In the absence of objection, I also find the charges of $228.57 for postage and $59.40 for long distance phone calls to be reasonable. Thus, I recommend that $719.87 be awarded to the Receiver for her costs.

H&K requests $15.30 for photocopies charged at $.10 each. I find this cost reasonable. In the absence of objection, I also find the charges of $31.04 for long distance phone calls and $27.00 for a recording fee to be reasonable. After reviewing the invoices for the contract paralegal, Doc. No. 686-3, I find her rate and time to be reasonable, with the exception of the time spent working on the applications for fees as discussed above and recommend that $15,717.50 be awarded for her services. Accordingly, I recommend that a total of $15,790.84 be awarded to H&K for its costs.

## IV. RECOMMENDATION.

Based on the foregoing, I recommend that the Third Application for Approval of Receiver's Fees and Costs, Doc. No. 685 be **GRANTED**. I recommend that the Receiver be awarded $32,260.00 in fees and $719.87 in costs. I recommend that the Third Application for

Approval of Fees and Costs of Receiver's Legal Counsel, Doc. No. 686, be **GRANTED in part**. I recommend that Receiver's legal counsel be awarded $10.037.50 in fees and $15,790.84 for their costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 4, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy