# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SECURITIES AND EXCHANGE**
**COMMISSION,**

**Plaintiff,**

**-vs-**                                              **Case No.  6:06-cv-183-Orl-28KRS**

**PATRICK KIRKLAND, TROPICAL**
**VILLAGE, INC., CLARITY**
**DEVELOPMENT CORPORATION, and**
**SENIOR ADULT LIVING CORPORATION,**

**Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL**
**VENTURES, INC., PELICAN BAY CLUB,**
**INC., and ISLEWORTH ADULT**
**COMMUNITY, INC.,**

**Relief Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **FINAL APPLICATION FOR APPROVAL OF RECEIVER'S FEES AND COSTS (Doc. No. 694)** |
| **FILED:** | **July 12, 2012** |

## I.      INTRODUCTION.

Receiver Judith M. Mercier moves this Court for entry of an order authorizing final payment of her fees in the amount of $6,316.61 and costs in the amount of $380.84, for the period of September 1, 2011 through July 5, 2012.[1]  In support of the motion, the Receiver filed the following attachments:

1.      Receiver's own declaration, Doc. No. 694-1;

2.      Time sheets reflecting Receiver's work, Doc. No. 694-2;

3      Schedule of Receiver's time by category, Doc. No. 694-3; and

4.      Receiver's schedule of costs, Doc. No. 694-4.

The Receiver also filed a declaration of Andrew M. Brumby, Esq., in support of the motion. Doc. No. 694-5.  Brumby has experience counseling secured and unsecured creditors, creditors committees, receivers and trustees in state and federal insolvency proceedings.  He has served as a court appointed examiner in Chapter 11 bankruptcy cases.  He also has experience representing clients in a variety of real estate matters, including workouts and restructuring transactions as well as commercial foreclosure issues and related limited liability suits.  Doc. Nos. 694-5 ¶¶ 3, 4.  Although Brumby does not have experience as a receiver for the SEC or as counsel for a SEC receiver, I find his experience to be sufficiently related for him to opine on the reasonableness of the fees sought by the Receiver.

---

[1]  The Court already approved $44,053.56 in fees and costs to the Receiver and $345,324.05 in fees and costs to Holland & Knight, LLP (H&K) for their work through May 2006, Doc. Nos. 585, 594, $481,744.49 for fees to the Receiver and H&K and $34,193.47 in costs for the Receiver and $59,271.89 in costs for H&K for work from June 2006 through June 2009, Doc. No. 678, and $32,979.87 in fees and costs to the Receiver and $25,828.34 in fees and costs to H&K for work from July 2009 through August 2011,  Doc. Nos. 687, 688.

The SEC did not file a response to the motion, but it evidently informed the Receiver that it has no objection to the motion.  Doc. No. 694 at 1.  The Receiver asserts that the SEC's position regarding the reasonableness of the fees should be given great weight, citing various cases from courts outside the Eleventh Circuit.  Doc. No. 694 at 6.  These cases also affirm the law in this circuit that an award of attorney's fees is within the Court's sound discretion.  *See, e.g., SEC v. First Securities Co.*, 528 F.2d 449, 451 (7th Cir. 1976).  Therefore, the Court will consider the SEC's lack of objection as simply one factor in the analysis.  Patrick Kirkland did not respond to the motion and the time for doing so has passed.

## II.   APPLICABLE LAW.

> The receiver is an officer of the court, and subject to its directions and orders . . . . [H]e is . . . permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court. . . . So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness. . . . The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management.

*Stuart v. Boulware*, 133 U.S. 78, 81-82 (1890).  A receiver owes a duty to exercise reasonable care to protect and preserve the assets of the receivership.  In carrying out this duty, the receiver "must exercise ordinary care and prudence, that is, the same care and diligence that an ordinary prudent person would exercise in handling his or her own estate, or under like circumstances."  65 Am. Jur. 2d *Receivers* § 146 (2007).

In determining a reasonable fee for a receiver and her attorneys, "[a] basic consideration is the nature and complexity of the legal problems confronted and the skill necessary to resolve them."  *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465, 485 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir.

1975) (hereinafter "*Moody*").  "Although time is a material factor, the difficulty of the job, the expertise necessary to accomplish it, and the results achieved are more significant here."  *Id.* at 486 (citations omitted).

## III.    ANALYSIS.

### A.    *Results Achieved*.

The Receiver obtained Court approval to make a final distribution of funds to claimants, made the final distribution to approved claimants and completed other administrative duties, including communications with claimants, investors, tax accountants Kapila & Co, issuing payments to Kapila & Co and Holland & Knight, reviewing and reconciling bank statements, preparing a final accounting and communicating with the SEC.  Doc. No. 694 at 2-3.

### B.    *Reasonable Hourly Rate*.

The Receiver seeks $200.00 per hour for her work.  The Court has previously determined that this is a reasonable hourly rate.  Doc. Nos. 563, 582, 652, 678, 687, 688.  Accordingly, I find that this rate remains reasonable for the Receiver.

### C.    *Time Expended*.

The Receiver claims to have expended 54.6 hours of professional services, which amounts to $10,920.00 in fees.  Doc. No. 694-1 ¶¶ 8, 9.  However, she only seeks fees of $6,316.61.  *Id.* ¶ 9. After reviewing the time sheets provided by Receiver, it appears that she did write off over 40% of her time and the remainder of her time entries appear to be reasonable.  Therefore, I recommend that the Court award $6,316.61 in fees to the Receiver.

     *D.*       *Reasonable Costs.*

     The Receiver requests $207.00 for photocopies charged at $.10 each. I have previously found $.10 to be a reasonable charge for copies and find this cost reasonable. In the absence of objection, I also find the charges of $165.20 for postage and $8.64 for long distance phone calls to be reasonable. Thus, I recommend that $380.84 be awarded to the Receiver for her costs.

## IV.    RECOMMENDATION.

     Based on the foregoing, I recommend that the Final Application for Approval of Receiver's Fees and Costs, Doc. No. 694, be **GRANTED**. I recommend that the Receiver be awarded $6,316.61 in fees and $380.84 in costs.

     Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

     Recommended in Orlando, Florida on August 1, 2012.

                          *Karla R. Spaulding*

                          KARLA R. SPAULDING
                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy