**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

**-vs-**              **Case No. 6:06-cv-183-Orl-28KRS**

**PATRICK KIRKLAND, TROPICAL VILLAGE, INC., CLARITY DEVELOPMENT CORPORATION, and SENIOR ADULT LIVING CORPORATION,**

      **Defendants,**

**SUNSET BAY CLUB, INC., SUMMERHILL VENTURES, INC., PELICAN BAY CLUB, INC., and ISLEWORTH ADULT COMMUNITY, INC.,**

      **Relief Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **RECEIVER'S FINAL ACCOUNTING AND MOTION FOR DISCHARGE OF RECEIVER (Doc. No. 695)**
>
> **FILED:**   **July 12, 2012**

**I.     INTRODUCTION.**

Receiver Judith M. Mercier moves the Court for her discharge as Receiver in this case. She attached a final accounting of the receivership which included cash receipts and disbursements. Doc. No. 695-1. The final accounting showed total receipts of $5,478,611.74 and disbursements of $5,471,914.29. *Id.* The distributions included $2,297,436.02 in cash disbursements to claimants, fees and costs to Receiver and her counsel of $1,012,488.29 and accounting fees of $375,616.37. *Id.* Receiver has requested fees and costs in the amount of the remaining funds of $6,697.45, including $6,316.61 in fees and $380.84 in costs. *Id.* The undersigned has issued a Report and Recommendation which recommends that these fees be granted to the Receiver. Doc. No. 696.

**II.    PROCEDURAL HISTORY.**

On February 16, 2006, the SEC filed a complaint seeking injunctive relief, disgorgement, and penalties for alleged violations of the securities laws against Patrick Kirkland, and various entities controlled by Kirkland. Doc. No. 1. On the same day, the SEC filed an emergency motion requesting the appointment of a receiver for the defendants and the relief defendants who would have

> full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets, choses in action and any other property of Tropical, Clarity, Senior Adult, Sunset Bay Club, Summerhill Ventures, Pelican Bay Club, and Isleworth Adult Community; marshal and safeguard all of the assets of Tropical, Clarity, Senior Adult and the Relief Defendants; and take whatever actions are necessary for the protection of the investors.

Doc. No. 6 at 1-2. The SEC recommended the appointment of Mercier as Receiver and Holland & Knight as counsel for the Receiver. Doc. No. 6 at 2. On February 16, 2006, the Court granted the

SEC's motion and appointed Mercier as Receiver. Doc. No. 10. The order of appointment provides that the Receiver was authorized to "employ legal counsel, actuaries, accountants, clerks, consultants, and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses," with the Court's approval. Doc. No. 10 at 4.

The Receiver represents that she has completed these duties. The Court previously approved a final distribution of $797,436.10 to approved claimants. Doc. Nos. 689, 693.

### III. APPLICABLE LAW.

> "The decision on whether to terminate a receivership turns on the facts and circumstances of each case. . . . It is generally held that a receivership should be dismissed when the reason for the receivership ceases to exist . . . . A final accounting by a receiver ordinarily precedes his or her discharge."

65 Am. Jur. 2d *Receivers* § 146 (2012).

### IV. ANALYSIS.

Following the Court's approval of the final distribution of funds, the Receiver sent checks to the approved claimants. Doc. No. 694-1 ¶ 4. A check to claimant Norma Elliott for $6.01 was returned with no forwarding address and the Receiver could not locate a current telephone number for her. *Id*. ¶ 5. In addition, claimant Andrew Yankama (Rev. Tr.) indicated that he received the check for $180.19 but would not be cashing the check because he was unhappy with the situation. *Id*. The Receiver averred that she would turn over the funds from these two checks to the SEC as unclaimed funds. *Id*.

The remainder of the funds held by the Receiver, totaling $6,697.45 have been requested as fees and costs of the Receiver. Doc. No. 695. The undersigned has issued a Report and Recommendation recommending that this amount be disbursed to the Receiver for her fees and

costs. Doc. No. 696. Because the purpose of the Receivership has ended and the Receiver has provided a final accounting to the Court, I recommend that the Receivership be terminated and that the Receiver be discharged of any further duties, obligation or liabilities relating to this Receivership.

## V.    RECOMMENDATION.

Based on the foregoing, I recommend that Receiver's Motion for Discharge of Receiver, Doc. No. 695, be **GRANTED** and that Receiver be relieved of further duties, obligation or liabilities in this case, after the Court issues an order on Receiver's final motion for fees and costs. The Receiver should be directed to return an excess funds in the receivership estate, including the funds from the checks to Norma Elliott and Andrew Yankama Rev. Tr., to the SEC as unclaimed funds.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 6, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy